COUNTY OF WASHINGTON *vs.* GERMAN-AMERICAN BANK OF ST. PAUL.

October 13, 1881.

**Review of Judgment for Delinquent Personal Taxes.**—*Held,* following *State* v. *Jones,* 24 Minn. 86, that an appeal from a judgment for taxes is unauthorized; that the only mode of reviewing such judgments is upon certificate or statement from the court by whom the case was decided, as prescribed by Gen. St. 1878, *c.* 11, § 80.

**Vacation of Tax Judgment—Discretion of Court.**—*Also held,* that under the facts of this case, there was no abuse of discretion by the court below in denying the application of defendant to open or vacate the tax judgment.

Judgment by default was rendered in the district court for Washington county against the defendant for delinquent personal taxes. Defendant, having made application to the court to have the judgment vacated, which was denied by *Crosby, J.,* appeals from the order denying the application, and also from the judgment.

*John B. & W. H. Sanborn,* for appellant.

*Fayette Marsh,* for respondent.

MITCHELL, J. Judgment was rendered against defendant, by default, for taxes on personal property. Subsequently, defendant, upon affidavits, moved the court to open or vacate the judgment, and for leave to interpose a defence to the tax. This application was denied. The defendant has taken two appeals—one from the tax judgment, the other from the order refusing to open the judgment. Both appeals were argued together.

There is no statute authorizing an appeal like the present from a tax judgment. The only mode of reviewing such judgments is upon a

certificate or statement of the facts and of its decision, by the court below, in the manner prescribed by statute. Gen. St. 1878, c. 11, § 80. This question has been already decided by this court. *State v. Jones,* 24 Minn. 86.

Gen. St. 1878, c. 11, § 80, provides that the court, wherein the judgment is entered, shall have power, *in its discretion and for good cause,* to open or vacate such judgment at any time before the expiration of the period of redemption. Assuming that, under the analogy of *County of Aitkin* v. *Morrison,* 25 Minn. 295, an order denying such an application is appealable, yet the only ground upon which this court would have a right to reverse the action of the court below in such a case would be an abuse of discretion. The record in this case shows that the citation was personally served on the cashier of defendant on the 8th of July, requiring it to appear and show cause on the 11th of November following. Judgment was not entered till the following March, and the defendant made no appearance, and took no steps to have the judgment vacated, until the 18th of May, and then the only excuse given by defendant for its failure to appear was the oversight and inadvertence of its attorney. We cannot say that to deny the application under such circumstances was an abuse of discretion.

Appeal from the judgment dismissed, and order denying the application to open the judgment affirmed.