STATE OF MINNESOTA v. FARIBAULT WATERWORKS COMPANY.[1]

June 29, 1896.

Nos. 10,116—(54).

Appeal—Review of Tax Judgment.

> The only statutory mode of reviewing a tax judgment, real or personal, in the proceedings on which it is based, is that prescribed in G. S. 1894, § 1589. County of Washington v. German-American Bank, 28 Minn. 360, followed.

Appeal by defendant from an order of the district court for Rice county, Buckham, J., denying a motion for a new trial.   Dismissed.

*A. B. Jackson*, for appellant.

*Robert Mee*, for respondent.

COLLINS, J.[2]   It was said in County of Washington v. German-American Bank, 28 Minn. 360, 10 N. W. 21, that:

"There is no statute authorizing an appeal like the present from a tax judgment.   The only mode of reviewing such judgments is upon a certificate or statement of the facts and of its decision, by the court below, in the manner prescribed by statute.   G. S. 1878, c. 11, § 80."

This language is pertinent in this case, which is an appeal from an order denying a new trial after findings of fact and an order for judgment in favor of the state had been filed in proceedings to enforce the collection of a personal property tax.   The motion itself was unwarranted.   Counsel for appellant contends that the provisions for reviewing mentioned in G. S. 1894, § 1589, are applicable to real-estate judgments only.   If this be true, his cause is not helped, for he has simply demonstrated that a party against whom a personal tax judgment has been rendered cannot have the proceedings reviewed in the manner prescribed in that section.   The right of appeal is purely statutory, and is not given in the law regulating the enforcement and collection of taxes, real or personal.   The results, if such a right was given, would prove exceedingly disastrous and odious.   Attention has been called to the fact that an appeal from a personal tax judgment was considered and disposed of on the merits in State

---

[1] Reported in 68 N. W. 35.         [2] Buck, J., absent, took no part.

v. Rand, 39 Minn. 502, 40 N. W. 835.  No motion to dismiss was made in that case, and that the judgment was nonappealable escaped notice.

Appeal dismissed.