STATE v. CHARLES LOCKHART.[1]

April 11, 1903.

Nos. 13,444—(31).[2]

Appeal—Tax Judgment.

>Section 1589, G. S. 1894, providing for certifying tax cases to the Supreme Court for review, was repealed by Laws 1902, p. 1 (c. 2). A judgment for real estate taxes may now be reviewed by appeal.

In proceedings in the district court for Ramsey county to enforce payment of taxes delinquent upon real estate for the year

[1] Reported in 94 N. W. 168.  [2] April, 1903, term.

1901 Charles Lockhart, as owner of real estate sought to be taxed, interposed an answer. The case came on for trial before O. B. Lewis, J., who granted a motion for judgment in favor of plaintiff upon the pleadings. Upon application of defendant the court certified to the supreme court certain questions for its determination. Remanded.

*T. R. Kane,* County Attorney, and *O. H. O'Neill,* Assistant County Attorney, for plaintiff.

*F. M. Catlin,* for defendant.

PER CURIAM.

This is a proceeding to enforce payment of taxes which became delinquent January 1, 1902, on certain real estate in the county of Ramsey, known as the "Manhattan Building." The landowner appeared and objected to the entry of judgment for such taxes on the ground that his land was unequally and unfairly assessed. The district court, upon a hearing of the matter, and on May 17, 1902, ordered judgment against the land for the full amount of taxes, penalties, and costs. Thereafter, and on February 6, 1903, the district court, on the application of the landowner, certified the questions arising on such hearing to this court for review, pursuant to G. S. 1894, § 1589. Thereupon the state moved this court to remand the case to the district court, for the reason that there is now no law authorizing tax cases to be certified to this court for review. This raises the question whether section 1589 was repealed by Laws 1902, p. 1 (c. 2). We hold that it was, and that a judgment for real estate taxes may now be reviewed by appeal. Laws 1902, pp. 13, 42 (c. 2, §§ 19, 88).

Therefore it is ordered that the motion to remand be, and it is hereby, granted.