# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

---

STATE v. GRIFFITH & SMITH.[1]

April 8, 1904.

Nos. 13,802—(19).[2]

**Certifying Tax Case.**

There is now no law authorizing the certifying of tax cases of any kind to this court.

In proceedings in the district court for Brown county to collect personal property tax defendant answered and after trial of the issues the court, Webber, J., found in favor of defendant. At the request of plaintiff the case was certified to this court. Thereupon defendant moved to return the case to the district court without other action by this court. Motion granted.

*Einar Hoidale,* County Attorney, for plaintiff.

*Somerville & Olsen,* for defendants.

PER CURIAM.

This is a proceeding to collect delinquent personal property taxes for the year 1902, and was certified to this court on December 4, 1903, pursuant to the provisions of G. S. 1894, § 1589. The defendant now

---

[1] Reported in 98 N. W. 1023.    [2] April, 1904, term.

92 M.—1

moves the court to remand the case to the district court for the reason that there is no law authorizing the certifying to this court of tax cases, whether the proceedings be for the collection of real estate taxes or personal taxes. In the case of State v. Lockhart, 89 Minn. 121, 94 N. W. 168, we held that G. S. 1894, § 1589, providing for the certifying of real estate tax cases to the Supreme Court, was repealed by Laws 1902, pp. 13, 42, c. 2, §§ 19, 88. The section so repealed was the only law providing for certifying tax cases of any kind. State v. Jones, 24 Minn. 86; County of Washington v. G. A. Bank of St. Paul, 28 Minn. 360, 10 N. W. 21; State v. Faribault Waterworks Co., 65 Minn. 345, 68 N. W. 35. It follows that there is now no law authorizing the certifying of tax cases to this court.

Ordered that the motion to remand be and it is granted.