STATE ex rel. THOMAS R. KANE v. DISTRICT COURT OF RAMSEY
COUNTY and Another.[1]

October 7, 1904.

Nos. 14,013—(18).[2]

**Certiorari—Personal Tax.**

Certiorari will not lie to review personal property tax judgments. The proper remedy is by appeal, taken in the manner provided by section 19, c. 2, p. 13, Laws 1902, for the review of real estate tax judgments.

Motion on behalf of respondents to quash a writ of certiorari issued from the supreme court upon relation of Thomas R. Kane, as county attorney, to review a personal property tax judgment entered in the district court for Ramsey county pursuant to the findings and order of Olin B. Lewis, J. Writ quashed.

*Thos. R. Kane,* County Attorney, pro se.
*Stringer & Seymour,* for respondents.

[1] Reported in 100 N. W. 889.          [2] October Term, 1904.

93 M.—12

PER CURIAM.

Motion to quash a writ of certiorari sued out to review a personal property tax judgment of the district court of Ramsey county.

Heretofore the procedure laid down by statute for the review of judgments in real estate tax proceedings has by analogy been applied to personal property tax judgments, though there was no statute expressly authorizing it. Formerly, our statutes provided for the review of real estate tax judgments upon certification from the trial court, and the same procedure was applied to personal tax judgments. State v. Faribault Waterworks Co., 65 Minn. 345, 68 N. W. 35; County of Washington v. German-American Bank, 28 Minn. 360, 10 N. W. 21; State v. Jones, 24 Minn. 86. But the statute authorizing that form of review has been repealed (State v. Lockhart, 89 Minn. 121, 94 N. W. 168; State v. Griffith, 92 Minn. 1, 98 N. W. 1023), and the remedy by appeal substituted (Laws 1902, p. 13, c. 2, § 19). No reason occurs to us why the rule heretofore followed should not be applied to the present statute; and without discussion of the question we hold that certiorari will not lie to review personal property tax judgments, and that the proper remedy is by appeal, as provided by statute for the review of real estate tax judgments.

Writ quashed.