STATE OF NEBRASKA, APPELLEE, V. SEVERAL PARCELS OF
LAND; ANNIE B. HOMER, APPELLANT.

FILED JANUARY 18, 1906. No. 14,129.

1. **Tax Suit:** DECREE, VACATION OF. A person against whose property
a default decree upon constructive service has been rendered in
a tax suit under the "Scavenger Law" (Comp. St., ch. 77, art. IX,
secs. 1-48) is not entitled, as a matter of right, to have the same
opened up after the term, either under the provisions of section
82 of the code, or under the general equity powers of the court.

2. **Sale:** CONFIRMATION: OBJECTIONS. The provisions of the statute
granting the landowner the right to object to the confirmation of
sale, and defining the grounds of objection, afford him an op-
portunity to have the question of the validity of the tax deter-
mined before he is deprived of his property; but he may be re-
quired to wait until confirmation is applied for to litigate that
question.

APPEAL from the district court for Douglas county:
ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Charles Battelle* and *William Baird & Sons,* for appel-
lant.

*John P. Breen, W. H. Herdman* and *A. G. Ellick,*
contra.

LETTON, J.

Under the provision of sections 1-48, article IX, chap-
ter 77, Compiled Statutes 1903 (Ann. St. 10644-10691),
commonly known as the "Scavenger Act," a petition was
filed in the district court for Douglas county, Nebraska,
upon the first day of July, 1904, for the foreclosure of de-
linquent taxes. The appellant Annie B. Homer is the
owner of a certain tract, described in the petition, against
which certain taxes and special assessments were levied.
Notice was published as required by law, and, default hav-
ing been made by her, a decree was entered foreclosing
the tax lien. Before this tract was offered for sale by
the county treasurer, the appellant filed in the district
court a motion to vacate the default decree, and for per-

mission to defend the action. This motion was supported by an affidavit showing that she was a nonresident of Nebraska, and that she had not had actual notice of the commencement of the action, did not know of the same, and had not had an opportunity to make her defense. She further tendered an answer, alleging that the special assessments were void, but admitted the validity of the regular taxes and offered to pay the same. At the hearing upon this motion, the court overruled the same and refused to permit her to open up the decree and defend the action, from which order she has appealed.

The appellant's first contention is that section 82 of the code applies to the opening of judgments upon constructive service rendered under the provisions of this act. She further contends that, irrespective of section 82 of the code, a court of equity has power to set aside a default decree after the term at which it was rendered, and to permit a defense to be made. An inspection of the provisions of the law discloses, among other things, that it is made the duty of every property owner to examine the petition; that the petition is to be taken as *prima facie* evidence of the legality of the taxes and of the amounts levied, and that such taxes and assessments are unpaid and deliquent; and the court is directed to enter a decree, where no answer has been filed, that the taxes are valid liens against the real estate, and that the amounts charged in the tax record are justly due to the plaintiff and chargeable against said parcels respectively. Further, it is made the duty of the clerk of the district court immediately after the first of September of each year to enter default by writing or stamping the word "defaulted" in the tax record, in the column marked defaulted, against each parcel of land upon which the taxes and assessments shown in the petition have not been fully paid, and on behalf of which no answer has been filed. It is further provided that the decree shall be taken and held to be several decrees against the several parcels of land set forth in the petition.

An examination of the provisions of the act shows that the proceeding required to be taken by the clerk of the district court in entering the word "default" opposite each tract is merely clerical or administrative in its nature. This act is not a judicial act in any sense of the word. The clerk has no power to adjudge that the owner of the tract is in default for answer or plea. Such owner has the undoubted right to file his answer and present an issue as to the validity of the tax, or any part of it, and have it judicially determined at any time before the court enters a default and renders the decree provided for by the statute. After that stage of the proceeding is passed, the owner of the tract is not entitled, as a matter of absolute right, to have the decree set aside and be let in to defend, either under section 82 of the code, or under the general equity powers of the court. If the landowner desires to question the validity of the tax or the proceedings in the same suit, he can be required to wait until the time fixed for the confirmation of sale, when he may then present this issue for determination as we shall presently see. The act provides for the sale, by the county treasurer, of each parcel of land, the issuance of a certificate of tax sale, and a period of two years is provided for redemption.

The act further provides for the service of a notice upon the owner by personal service, if a resident, and by publication, if a nonresident, as well as upon every person in actual occupancy of the lands purchased, before confirmation may be had, and provides for the keeping of a "confirmation record" by the clerk of the district court, which shall describe the lands and notify the owner of the time and place for confirmation. It also provides for an examination of the proceedings by the court, and an order of confirmation if the purchaser is entitled thereto. Any person having an interest in the real estate may, at any time before confirmation, file objections thereto and enter notice thereof in the confirmation record.

Section 39 is as follows: "Confirmation of sale shall

not be withheld, nor shall the sale be set aside except on one or more of the following grounds: First: That the court was without jurisdiction to enter the decree. Second: That the taxes or assessments on which the decree was based had been paid prior to the decree, or sale. Third: That redemption had been made from the decree or treasurer's sale thereunder. Fourth: That the land was not subject to taxation or to special assessment. Fifth: That the taxes and assessments, or a part thereof, were based upon proceedings wherein there had been fraud, gross injustice or mistake." (Comp. St., ch. 77, art. IX). An appeal to this court from the order of confirmation is provided for.

It will be observed that the fifth ground upon which confirmation may be refused is "that the taxes and assessments, or a part thereof, were based upon proceedings wherein there had been fraud, gross injustice or mistake." This is a very broad and far-reaching provision. We have already considered and construed the force and effect of a like provision with regard to special assessments, and have held in *Wead v. Omaha,* 73 Neb. 321, that a proceeding which deprives a person of his property by means of a void tax is "gross injustice." If the proceedings by which it was sought to impose a special assessment upon the appellant's property were void, they were certainly grossly unjust, and the appellant has the right at a subsequent stage of the proceedings to raise an issue as to the validity of such assessment, and to have the same tried and determined. While there is no provision in the law for setting aside or modifying the default decree, section 48 of the act under consideration provides: "This act shall be deemed to be cumulative," etc. Plaintiff, then, still has the right reserved to her, which is provided under the general revenue law, of paying the taxes assessed against the property, under protest, and bringing an action to recover the same by legal proceedings in the ordinary method. Not only are these rights preserved to her, but if the tax she complains of is

absolutely void she may restrain the collection of the same by injunction. *Touzalin v. City of Omaha,* 25 Neb. 817; *Bellevue Improvement Co. v. Village of Bellevue,* 39 Neb. 876; *Chicago, B. & Q. R. Co. v. City of Nebraska City,* 53 Neb. 453; *Rothwell v. Knox County,* 62 Neb. 50. A direct proceeding is therefore open to her to attack the validity of the tax and the default decree based thereupon. If she has these rights, why should the orderly administration of this law be hampered and the courts be harrassed by allowing proceedings of the nature of the one at bar, and thus burden the courts with the trial of the unnecessary issue as to notice? Each owner of property is charged with the knowledge that his property is held subject to the burden of providing its due proportion of funds for public purposes. It is a matter of common knowledge that there are times and seasons fixed in the administration of all tax laws, within which certain acts must be performed, or certain consequences follow. While the appellant is entitled not to be deprived of her property without due process of law, the fact that the decree has been rendered does not operate to deprive her of that right. It is still preserved to her, and she may have her day in court before she is divested of her title. If the appellant has the right to open up this decree, we may as well set aside the legislative provision restricting the time within which the general decree upon the tax suit is to be rendered, and thus leave the time of making up an issue as to the validity of the tax to the whim of any nonresident landowner who did not receive actual notice of the filing of the tax petition. This we deem inadvisable and not justified by the terms of the statute. See *County of Washington v. German-American Bank,* 28 Minn. 360; *State v. Faribault Waterworks Co.,* 65 Minn. 345, 68 N. W. 35.

We do not wish to be understood as deciding that, if the district court in its discretion had permitted the filing of the answer and had litigated the questions at issue, its decree would not have been valid, but, the court having

refused to do this, we hold that it was not compelled to reopen the decree, either under the provisions of section 82 of the code, nor as a part of its general power as a court of equity. There has been no abuse of discretion, and therefore no right of reversal.

The judgment of the district court is therefore

AFFIRMED.