PRUDENTIAL REAL ESTATE COMPANY, APPELLANT, V.
THOMAS F. HALL, APPELLEE.*

FILED OCTOBER 3, 1907.   No. 15,234.

1. **Judgment**: VACATING. The power of the district court to modify or vacate its judgments during the term at which the judgment was rendered is discretionary.

2. **Taxation**: VALIDITY OF TAX. The validity of taxes involved in a default decree rendered in a scavenger suit may be contested upon an application to confirm the sale.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

*D. C. Patterson,* for appellant.

*H. P. Leavitt,* contra.

*H. E. Burnam, I. J. Dunn* and *John A. Rine,* for the state.

JACKSON, C.

This action presents another feature of the scavenger act, and grows out of a controversy over the confirmation of the sale of tract No. 18,264, being a part of lot 6, block 9, in McCague's addition to the city of Omaha. The decree included a considerable amount of special taxes and assessments. The tract was sold March 15, 1905, to D. C. Patterson, trustee, for $50, to whom a certificate of sale was issued, which was afterwards assigned to the Prudential Real Estate Company, the appellant herein. Thomas F. Hall became the owner of the equity of redemption after the tax sale, and Fred Sellick was his tenant. Final

*Rehearing allowed. See opinion, p. 808, *post.*     L

notice of an application to confirm the sale was served on
Hall and Sellick on the 13th day of December, 1906.   The
entry in the confirmation record is of the date of March
14, 1907, and on March 16, 1907, at the February term of
the district court for Douglas county, an order confirm-
ing the sale was entered.   On the 20th of that month, and
at the same term of court, Hall filed a motion to set aside
and vacate the order of confirmation, accompanied by ob-
jections to the confirmation of the sale, supported by a
showing of the reasons why objections were not sooner
made.   On March 23, at the same term of court, the order
of confirmation was vacated, and permission given to file
and enter objections to confirmation.   On April 2 of that
year supplemental objections were filed, charging in effect
that all persons occupying the tract had not been served
with notice of the application to confirm, and that the
court had no jurisdiction to enter the confirmation of
sale; that the city council of the city of Omaha, in whose
behalf the special taxes and assessments had been levied,
had passed a resolution instructing the tax commissioner
or other officer of the city to be present at the sale of all
property under the decree involved, and to bid on behalf
of the city of Omaha on all properties offered for sale a
certain percentage of the assessed valuation as made by
the tax commissioner; that such percentage should stand
as the lowest bid to be received on any property within the
city of Omaha at such sale; that such resolution was pub-
lished in the daily papers of the city of Omaha prior to the
sale in the fall of 1904 and the winter and spring of 1905,
and that it was understood by all persons intending to
participate in said sale that no bid would be received on
any city property for less than the percentage named in
said resolution; that Thomas F. Hall intended to be pres-
ent at the sale and bid a sum largely in excess of the sum
bid by Patterson, but that he was induced and influenced
to remain away from the sale, and took no part therein,
by reason of a conversation with the tax commissioner of
the city of Omaha, who informed him that no bids would

be received of a sum less than the percentage required by the resolution adopted by the city council; that such percentage exceeded the amount which Hall intended to bid for the tract, and that Hall had no notice of the fact that sale had been made to Patterson until long after the date of such sale; and that all these facts were known to Patterson. Upon the hearing of the objections to the confirmation of the sale, the sale was vacated upon the condition that, if a supersedeas was not filed for the purpose of a review in this court, Thomas F. Hall should deposit with the county treasurer of Douglas county the sum of $300 as a guarantee that he would bid at least that amount at the next sale of the property. The Prudential Real Estate Company appeals.

The first assignment of error discussed relates to the order of the trial court setting aside the confirmation of the sale. It is a familiar rule, however, that the power of the district court over its own judgments during the term at which the judgment is rendered is discretionary, and is not subject to review in this court. So that we come at once to the question of the correctness of the ruling of the district court in vacating the sale. The decree, as affecting the tract involved, was by default, and by it the owner was not deprived of the legal right to have the validity of the taxes determined prior to the confirmation of the sale. *State v. Several Parcels of Land*, 75 Neb. 538.

There is no complaint that the evidence is insufficient to sustain the judgment, if, as a matter of law, the court had jurisdiction to entertain the application, and it is recommended that the judgment be affirmed.

AMES and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on rehearing was filed April 10, 1908. *Former judgment of affirmance adhered to:*

1. **Taxation:** JUDICIAL SALE: POWER OF COURT. The court is the vendor in a judicial sale, and he may reject any bid which for any reason appears to him to be inadequate, and while a proceeding remains within his jurisdiction he may vacate any erroneous or improvident order he may have made during its progress. This power is not affected by the statute providing a procedure for the collection of taxes, and commonly called the "Scavenger Act."

2. **Judicial Sale:** JURISDICTION: ESTOPPEL. When the owner of property sold at judicial sale moves the court to deny confirmation because of inadequacy of price, and offers in event of resale to increase the bid thereat, he, by so doing, admits the jurisdiction of the court and confesses the justice of the decree of sale, and is estopped afterwards to dispute either.

AMES, C.

This is a rehearing from a former decision of the same case published *ante,* p. 805. The only brief filed upon the reargument is that in support of the motion for a rehearing. The cause was brought to this court by an appeal from an order vacating and setting aside a sale of real estate, and ordering a resale thereof, for delinquent taxes, pursuant to a decree therefor made in a proceeding for statutory foreclosure under an act of the legislature commonly known as the "Scavenger Act." As will be seen by reference to the former opinion, the sale had at first been confirmed; but at a subsequent day of the same term at which the order of confirmation was entered, one Hall, who alleged to have purchased the premises subsequently to the sale, but before confirmation, applied to the court by motion for an order setting aside the confirmation and exposing the premises to another sale. It was from an order granting this motion that this appeal is prosecuted.

The former opinion recites the reasons given in the motion for the relief prayed, but this court expressly declined to decide upon the validity or sufficiency of all

or of any of them, holding that the case, in this respect, falls within the familiar rule "that the power of the district court over its own judgments during the term at which the judgment is rendered is discretionary, and is not subject to review in this court." To the correctness of this decision in this respect, that is, in so far as it refuses to disturb the order of the district court setting aside the confirmation, counsel have made no objection, and, of course, the logical result and necessary implication of that order is a resale of the premises. But counsel do complain, if we understand them, because this court did not decide upon the sufficiency of the grounds of the motion to entitle the party, as a matter of legal right, to the relief which he obtained; in other words, whether the reasons urged were of such compelling force that the court would have erred by denying the motion. We do not see that this question is involved in the record before us, and whatever we or the court might say with reference to it would be mere *obiter dicta,* without judicial force or significance. Doubtless the discretion mentioned is not wholly uncontrolled, and doubtless different rules apply to an order vacating a judgment during the term at which it is rendered, than to one refusing so to do; but it does not appear that we are now called upon to discriminate between the two classes of cases.

The former decision further says: "The decree, as affecting the tract involved, was by default and by it the owner was not deprived of the legal right to have the validity of the taxes determined prior to the confirmation of the sale. *State v. Several Parcels of Land,* 75 Neb. 538." Counsel for appellant are right in saying that the validity of no tax is put in issue by the present proceeding, and that this question is not involved in an appeal from the order denying confirmation and ordering a resale, and therefore ought not to have been decided. We do not see, however, how this error, which amounts merely to citing a former decision of this court which is not in point, can have wrought appellant any wrong or prejudice.

The statute pursuant to which this proceeding is had re-quires of the court the exercise, so far as may be, of the powers of a chancellor in foreclosure cases. It is not doubted that in such cases the court is the vendor, or that he may reject any bid which for any reason appears to him to be inadequate, or that, while the proceeding remains within his jurisdiction, he may vacate any erroneous or improvident order he may have made during its progress. The statute in question does not express an intent either to enlarge or to restrict, or in any way to affect, the exer-cise of this power, which has hitherto been regarded as inherent in a court of equity, and of which it may be doubted that the legislature has the power to deprive it. In what circumstances, if any, it may be abused in such manner as to require correction upon an appeal, it is not worth while now to speculate. There is no evidence of such abuse in this record. Hall, the appellee, purchased the equity of redemption, subject to the lien of the tax, in-termediate the sale and the confirmation. There are two tracts, each of which was struck down for a trifling sum as compared either with the value of the property or the amount of the tax. By the application to set aside the confirmation he submitted to the decree of foreclosure, and offered, in case of a resale, to increase the sum bid by at least six times its amount, and to guarantee the good faith of his proposal by a deposit of the money with the court. It would be extremely unwise so to tie the hands of the district judge as to deprive him of the power to avail of an opportunity so advantageous for the public, and this court, at least in the absence of constraint by posi-tive law, will not take so unprecedented a step.

A large number of questions, not above adverted to, were argued on the rehearing, and this court was severely criticised for having, it was contended, pronounced opin-ions in the case above cited upon matters not involved in the record therein. We have tried in the present instance to avoid a repetition of that offense.

We recommend that the former decision of this court

be adhered to, and the judgment of the district court affirmed.

EPPERSON and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the former decision of this court is adhered to and the judgment of the district court ·

AFFIRMED.