STATE OF NEBRASKA V. SEVERAL PARCELS OF LAND.
AUGUST C. DAVIDSON, APPELLANT, V. PARKWAY REAL
ESTATE COMPANY, APPELLEE.

FILED MAY 21, 1908. NO. 15,235.

1. **Taxation**: DECREE: CORRECTION ON CONFIRMATION. Where taxes which are void and illegal are included in a default decree rendered under the provisions of art. IX, ch. 77, Comp. St. 1907, commonly known as the "Scavenger Law," and the attention of the court is called thereto by suitable objections to a motion to confirm, such motion should be denied, and the error in the decree corrected.

2. ———: GROUNDS FOR RELIEF. A proceeding which deprives a person of his property by means of a void tax is gross injustice within the meaning of subdivision 5, sec. 39, art. IX, ch. 77, Comp. St. 1907.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

*H. P. Leavitt,* for appellant.

*D. C. Patterson* and *Harry E. Burnam, contra.*

*Charles Battelle, amicus curiæ.*

CALKINS, C.

This is an appeal from a judgment of the district court for Douglas county refusing to confirm a sale of a tract of land included in an action brought by the county treasurer under the provisions of section 39, art. IX, ch. 77, Comp. St. 1907, commonly known as the "Scavenger Law." On the 21st day of September, 1904, a default decree was entered against the land in question, which was ordered to be sold to satisfy the amount of taxes and assessments shown on the record against it. The same having been sold to the appellant Davidson, a motion to confirm the sale was filed on the 2d day of March, 1907. The owner of the land on the 24th day of May following filed objections to such confirmation, alleging that the decree against the land in question included void and illegal taxes. Upon the hearing of the motion to confirm the sale and objections filed thereto, the district court, finding that certain of the taxes included in the decree were void, sustained the objections, denied the motion to confirm, and vacated the sale; and, from this judgment, the purchaser appeals.

1. It is conceded that a portion of the taxes included in the decree were void and illegal, and that, if the facts presented in the objections to the confirmation had been pleaded in answer in due season, and before the entry of the default decree, such objections would have been fatal thereto. It is, however, insisted that it is too late to urge these objections in opposition to the confirmation of sale. Section 8 of the act in question provides that the petition shall be deemed and taken to be *prima facie* evidence of the legality of all the taxes and assessments set forth therein, and shall be construed as in evidence on behalf of the state without a formal offer. It is further provided by section 11 that, in all cases where the taxes and assessments set forth in the petition have not been

paid on any tract of land or lot on or before the 15th day of September next following the filing of the petition, and where no answer has been filed within the time limited, it shall be the duty of the judge of the district court to enter a decree in favor of the state and against all the descriptions of real estate standing in default, such decree to be for the full amount of the taxes and assessments, with interest from the 1st day of October of the current year, as set forth in the petition. Sections 38 and 39 of the same act provide: Section 38. "It shall be the duty of the holder of each certificate of tax sale (or other than the state, county, or city), on or before the last day of the redemption period, either by himself or by his agent or attorney, to enter in said confirmation record the date of such decree, as well as the number of the tract covered by his certificate of tax sale, together with a description of the real estate on which confirmation is sought and the time when and the place where a hearing will be had upon such confirmation. The entry of notice in such confirmation record shall be deemed equivalent to personal service upon all persons served with final notice. The order of confirmation may be entered by a judge of the district court sitting at chambers. The court shall examine the record of the proceedings and if such proceedings are found to be regular and the notice of the expiration of the time of redemption has been duly served and notice given of the hearing on confirmation, and if it shall appear that the person applying for confirmation is entitled to a deed to the property, an order of confirmation shall be entered directing the treasurer of the county to execute and deliver to the owner of the certificate a deed of the real estate sold in due form of law. Any person having an interest in the real estate upon which a sale is about to be confirmed may, at any time prior to confirmation, file with the clerk of the district court his objections thereto in writing, and shall at the same time enter notice thereof in the confirmation record. The party so objecting shall state the nature of

his interest in the property and shall describe such property by reference to the petition number of the tract, and shall also state in concise language the facts on which he bases his objections."

Section 39. "Confirmation of sale shall not be withheld, nor shall the sale be set aside except on one or more of the following grounds: First. That the court was without jurisdiction to enter the decree. Second. That the taxes or assessments on which the decree was based had been paid prior to the decree, or sale. Third. That redemption had been made from the decree or treasurer's sale thereunder. Fourth. That the land was not subject to taxation or to special assessment. Fifth. That the taxes and assessments, or a part thereof, were based upon proceedings wherein there had been fraud, gross injustice or mistake."

In the case of *State v. Several Parcels of Land,* 75 Neb. 538, the question before this court was the right of an owner to open the default decree in this suit and defend the action because she had not had notice of the commencement or pendency of the suit, and the court held that "the provisions of the statute granting the land owner the right to object to the confirmation of sale, and defining the grounds of objection, afford him an opportunity to have the question of the validity of the tax determined before he is deprived of his property, but he may be required to wait until confirmation is applied for to litigate that question," and refused to open the default upon the ground that the question of the validity of the taxes might be determined upon the application to confirm the sale. The correctness of this decision is assailed, and that part quoted by us is attacked as being *obiter dictum.* We are asked to place an entirely different construction upon sections 38 .and 39, *supra.* The state of Illinois enacted a scavenger law at an early day, and several other states have adopted similar legislation. Our own statute seems to have been largely taken from that of Minnesota; but as the Minnesota statute contains no

provision for confirmation of sales the construction placed upon it can be of no assistance to us, except as indicating how our statute should be construed had the provisions contained in sections 38 and 39 been omitted therefrom. It is probable that these sections were adopted in order to give the owner the rights in this proceeding which are secured to him in administrative sales for taxes by section 3, art. IX of the constitution.

It is urged that the proceedings prescribed by the statute are judicial in their nature, and that the decree rendered in pursuance of section 11, *supra*, is final and conclusive, and that it is inconsistent with this view to say that such decree may be opened up or assailed on confirmation. It is a canon of construction that an interpretation which gives effect to all parts of the statute should be sought for, and, if possible, adopted. In this case all that is urged on behalf of the conclusive character of the decree might be admitted when such decree is attacked in another action or after confirmation, and at the same time effect might be given to the provisions of section 39. To maintain the conclusive character of the decree, it is not necessary that we should hold that it may not be modified or corrected before the sale is finally confirmed. The decree of a court in an ordinary action is within the control of the judge during the term at which it is rendered, so that he may set it aside at his discretion, and this without any statute; but this power does not impair the conclusive character of the decree. It is certainly competent for the legislature to extend this power or impose upon the court the duty of correcting errors up to the time the case is finally disposed of. This it seems to have done by the provisions contained in section 39. The provisions are plain and unambiguous that a sale should not be confirmed in the five enumerated cases mentioned in section 39.

But it is argued that the provision in section 38, that the court shall examine the record of the proceedings limits the power of the court to consider any fact not

appearing in the record of the case. The paragraph under which this contention is made reads: "The court shall examine the record of the proceedings and if such proceedings are found to be regular and the notice of the expiration of the time of redemption has been duly served and notice given of the hearing on confirmation, and if it shall appear that the person applying for confirmation is entitled to a deed to the property, an order of confirmation shall be entered directing the treasurer of the county to execute and deliver to the owner of the certificate a deed of the real estate sold in due form of law." It will be observed that this contains no provision for a hearing upon objections to be made by the owner. That is contained in the remaining paragraph of section 38 and in section 39. It might well be contended that the paragraph above quoted is intended to regulate the proceedings when no objection to confirmation is made, while the last paragraph of section 38 and section 39 prescribe what shall be done when objections are filed. However, we think the contention that confirmation of the sale shall not be denied nor the sale set aside except for facts appearing upon the record of the proceedings is to be tested by considering whether the grounds mentioned in section 39 are such as necessarily or probably would appear upon the record if they in fact existed. The first ground, that the court is without jurisdiction, may or may not appear by the record. The second ground, that the taxes and assessments on which the decree was based had been paid prior to the decree, would not naturally appear upon the record; for, if the fact of such payment had appeared upon the record the land would not have been included in the petition. The third ground, that redemption has been made from the decree or treasurer's sale, might or might not appear upon the record; but the necessity for raising this objection to confirmation could only arise in those cases where it did not so appear. The fourth ground, that the land was not subject to taxation or to special assessment, could not well appear upon the record of the proceedings;

while the fifth ground, that the taxes and assessments, or a part thereof, were based upon proceedings wherein there had been fraud, gross injustice or mistake, could not appear upon the record of the proceedings in any case which we are able to imagine. To hold that the use of the words "record of the proceedings" in section 38 precludes the court from the examination of any facts not apparent therefrom would not only be extremely technical and narrow, but would violate the principle of construction that all the provisions of a statute are to be given effect if possible, and practically work a repeal of most of the provisions of section 39. No sufficient reason is presented for a departure from our ruling in *State v. Several Parcels of Land, supra,* and we therefore adhere to the same.

2. It is contended that a void tax is not necessarily an unjust tax. In other words, we are asked to give to the word "just" its popular meaning of upright, honest, impartial, fair and equitable, rather than its legal interpretation of true, exact and conformable to law. If we were permitted to give this word the popular interpretation, we might go behind the acts of the legislature in authorizing the tax, and the acts of administrative officers imposing it; for, in the popular sense of the word, laws are sometimes unjust, and taxes imposed in pursuance thereof often oppressive. In that sense of the word it may be broadly stated that any unnecessary tax is an unjust tax. If we were to adopt that definition, we might inquire into the need for the tax, and into the motives of officers imposing the same. Such a construction would lead us into a world of uncertainty and conjecture. In determining what is just, the judicial branch of the government should not be permitted to question that mass of principles, which, classified and reduced to order by the legislative power and the interpretation of the courts, we call "the law." It is the very essence of the social compact that we should be governed by those principles of justice which are crystallized into law; and in its admin-

istration nothing can be said to be just which is unlawful, and nothing unjust that is lawful. The interpretation put upon the statute in question in *Wead v. City of Omaha*, 73 Neb. 321, and *State v. Several Parcels of Land, supra,* should be adhered to; and it follows that where void or illegal taxes have been included in the decree, and the attention of the court is called thereto by suitable objections to the motion to confirm, such motion should be denied, and the error in the decree corrected.

We therefore recommend that the judgment of the district court be affirmed.

AMES, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.