PRUDENTIAL REAL ESTATE COMPANY, APPELLANT, V.
CHARLES BATTELLE, TRUSTEE, ET AL., APPELLEES.

FILED JANUARY 3, 1912.    No. 17,303.

1. **Taxation: FORECLOSURE OF LIEN: SALE: REFUSAL OF CONFIRMATION.**
It is competent for the district court to refuse to confirm a sale
made in a state tax suit, in case the purchaser, during the period
premium bids may be made, and in order to coerce the owner
of the equity of redemption to purchase the certificate at a
premium, threatens that, should a premium bid be made, he,
the tax purchaser, will overbid that offer irrespective of the
value of the property, and by repeated declarations pursues a
course tending to intimidate other investors from raising his bid.

2. ———: ———: ———: ———: **REPAYMENT OF BID.** In such a
case where there is no proof of wrong-doing prior to the pay-
ment of the bid made at the sale, the court should not forfeit
the purchaser's money or money paid by him for subsequent
taxes, but should make such equitable orders as may be neces-
sary to insure a return to the purchaser of his money.

APPEAL from the district court for Douglas county:
ALEXANDER C. TROUP, JUDGE. *Affirmed in part and re-
versed in part.*

*D. C. Patterson,* for appellant.

*Alfred G. Ellick, James P. English, John A. Rine, W.
C. Lambert* and *Clinton Brome, contra.*

ROOT, J.

This is an appeal from an order made in the state tax
suit for 1904, in Douglas county, refusing to confirm, but
vacating, a sale, ordering a resale, and forfeiting the pur-
chaser's bid and money paid for subsequent taxes.

In 1905 the real estate described in the transcript was
purchased for $50 by D. C. Patterson at a sale conducted
in the state tax suit. Subsequently the certificate was
assigned to the Prudential Real Estate Company. The
taxes with interest at that time amounted to $404.06 and
the lot was probably worth a little less. There is a direct

conflict in the testimony concerning the subsequent conduct of Mr. Patterson, but since the witnesses appeared before the district court, we are inclined to accept its version of the transaction. Taking that view of the case, we find that within 12 months after the sale Mr. Patterson in conversations with Mr. Battelle, the owner of the real estate, said that, if the Patterson bid was raised, he (Patterson), without regard to the value of the property, would bid a greater sum, and that Battelle therefore had but one of two courses to pursue, i. e., redeem by paying the face of the decree with interest and costs, or purchase the Patterson certificate, which was offered for about $225. Mr. Patterson purchased many tracts of land at this sale, and subsequently transmitted to the owners of the equity of redemption statements advising them of the amount of the decree, the amount of his bid, and offering to sell the certificate for one-half the difference between the sum of the taxes and his bid. These letters inform the reader that the law gives the tax purchaser the last opportunity to bid, that Mr. Patterson acted in the interest of a third person in making the purchase, and closed with the statement, "My orders are to raise all premium bids, but offer to sell on the same basis after as before, but add the premium and costs of serving notices and later taxes paid."

The statute under which these proceedings were prosecuted (laws 1903, ch. 75, Ann. St. 1911, sec. 11144 *et seq.*), among other things, provides in substance that the state tax suit may be instituted against all lots and parcels of land against which there are unpaid and delinquent taxes. The proceedings up to the time of the sale are summary in their nature. The sale is at public vendue and the purchaser is required to forthwith deposit the amount of his bid with the county treasurer. Within 18 months the treasurer is authorized to accept a premium bid for not less than the original bid plus 10 per cent., and 18 per cent. interest on the first bid. The original bidder is given five days subsequent to the 18 months

within which he may increase the highest premium bid by 5 per cent. should he desire to consummate his tax purchase. It will be understood that, with this statute controlling the rights of the parties, an extensive investor in tax certificates could with profit finally bid more than some of the lots he was interested in were worth, in order to compel the owners of other lots to come to his terms and purchase his certificates at a considerable increase over his bid, and yet for less than the aggregate of taxes against their property, in the hope and belief that thereby they would relieve their land from the burden of the unpaid taxes. Under this statute the tax sale in the state tax suit would not actually be closed until 18 months for premium bids expired, if no premium bids were made, or until five days thereafter, if such bids had been made. At the end of two years subsequent to the sale, the holder of the tax certificate, upon notice, may apply to the district court to confirm the sale and order a deed executed. At this time interested persons may interpose their objections.

In the instant case Mr. Battelle objected to the confirmation because of Mr. Patterson's conduct. The county attorney also intervened on behalf of the public and made like objections. No offer had been made to increase the bid, as was done in *Prudential Real Estate Co. v. Hall*, 79 Neb. 805, but the district court was justified in believing that a substantially increased bid would be made at a subsequent sale. While the proceedings in the state tax suit are in some particulars summary, yet section 11151, Ann. St. 1911, provides that, in so far as the procedure is not controlled by the terms of the statute, it "shall be the usual practice of courts of chancery in this state." The sale is conducted by the treasurer and not by the sheriff, but he acts under the authority of the decree of the district court. If, upon confirmation, it is made evident to the court that sharp practice has been indulged to the disadvantage of the public, it has the undoubted right to refuse to confirm the sale, and the authority to make such

orders in the premises as will protect all parties in interest. *Prudential Real Estate Co. v. Hall, supra.*

The appellant contends that, since section 4, art. IX of the constitution, prohibits the commutation or release of taxes lawfully levied, the county treasurer had no authority to accept a premium bid from the owner of the real estate, but that his sole remedies are to redeem from the decree or to purchase the certificate. We do not think it necessary to decide this point. Had the owner bid and paid to the county treasurer the minimum amount of the premium bid, the public would have been that much better off, so that whether the legal effect would have been a payment to that extent of the tax lien or a liquidation of the incumbrance, the public were prejudiced by Mr. Patterson's conduct. We are not inclined to accept his argument that he was only asserting his intention to exercise a right given by the law. Nor does the plea that Mr. Patterson was not authorized by the holder of the certificate to make these representations appear to us as sound. Patterson was acting for his principal and it will not be permitted to accept the benefits and reject the burdens created by his unlawful acts.

While we approve the order of the district court refusing confirmation, setting aside the sale, and ordering the treasurer to again offer the lot for sale, we do not commend the judgment of forfeiture. No irregularities attended the bid, nor the payment of the subsequent taxes assessed. It has ever been the policy of this state to protect a tax purchaser who in good faith has paid to the treasurer money in satisfaction of a tax purchase, although it may subsequently appear that the sale was void. *Pettit v. Black,* 8 Neb. 52; *John v. Connell,* 61 Neb. 267. Ordinarily this is done by subrogating the purchaser to the right of the state. In the instant case, should the tax purchaser be merely subrogated to the rights of the public, he may be compelled to prorate his payments with the amount of the unpaid taxes, and, should the land sell for less than the aggregate of these sums, he will not be pro-

tected. The amount of the bid is in the possession of the treasurer, but the money paid to satisfy subsequent taxes has been distributed and paid out for the benefit of the public.

The judgment of the district court therefore is affirmed, in so far as it refuses confirmation, sets aside the sale, and orders a resale; but, as to the forfeiture, the judgment is reversed and the cause remanded, with instructions to enter an order directing the county treasurer to pay to the appellant the amount of Mr. Patterson's bid on the land lot in controversy, add to the decree the subsequent taxes paid, and adjudge that the money paid for those subsequent taxes, together with 10 per cent. annual interest thereon, shall be a first lien upon the proceeds of the sale of the premises; the appellant to recover its costs in this court.

JUDGMENT ACCORDINGLY.