State v. Several Parcels of Land.

It follows that the judgment of the district court was right, and it is therefore

AFFIRMED.

LETTON, ROSE and SEDGWICK, JJ., not sitting.

---

STATE OF NEBRASKA V. SEVERAL PARCELS OF LAND.

A. J. SEAMAN, HOLDER OF TAX CERTIFICATE, APPELLEE, V. HUBERT C. ROBERTSON, OWNER, APPELLANT.

FILED OCTOBER 17, 1913.    No. 18,028.

1. **Taxation:** FORECLOSURE OF LIEN: CORRECTION OF DECREE. Under the provisions of chapter 75, laws 1903 (Comp. St. 1903, ch. 77, art. IX), commonly called the "Scavenger Tax Law," the district court has the power to vacate a decree rendered by default which contains void taxes, and enter a valid decree in lieu thereof, at any time before the final confirmation of sale.

2. ———: ———: REDEMPTION: INTEREST. In order to redeem a tract of land which has been sold under the scavenger foreclosure decree, the owner is required to pay the amount of the decree, with interest at the rate provided for in the statutes relating to scavenger tax sales.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*B. N. Robertson,* for appellant.

*Leavitt & Hotz, contra.*

BARNES, J.

This is an appeal from a judgment of the district court for Douglas county, confirming a sale of lot 2, block 458, Grandview addition to the city of Omaha, for delinquent taxes, under a decree in a scavenger foreclosure suit.

It appears that the action in which the decree was rendered was commenced in 1904, and on the 21st day of September of that year a default decree was entered. On

the 27th day of February, 1905, the lot in question was sold to the city of Omaha, and a certificate of sale was delivered to the purchaser; the city never assigned the certificate, and no further proceedings were had under the decree until July 27, 1909, when the plaintiff asked leave to have the decree set aside for the purpose of correcting it and excluding therefrom certain void special taxes. The city surrendered the certificate of purchase and had the same canceled, and thereupon the court made the following order: "This cause came on for hearing upon the motion of the plaintiff, represented by the assistant city attorney of the city of Omaha, made in open court, for an order to set aside the sale heretofore made and the decrees heretofore entered in this suit against the following tract or numbers, to wit: * * * Tract No. 12,126, being lot 2, block 458, Grandview addition, * * * all in the city of Omaha, Douglas county, Nebraska, for the reason that the said decrees herein with reference to each of said tracts were entered by default and included therein void taxes or special assessments, and for said reason confirmation of sale cannot be had over the objection of the owner of each of said tracts, and that, to obtain a valid sale thereof, it is necessary to vacate the present sale and the decree heretofore entered against each of said tracts. The court, being fully advised in the premises, finds that for the reasons stated therein the motion should be sustained; and it is therefore ordered and adjudged that the sales heretofore made and the decrees heretofore entered against each of said tract numbers be, and the same hereby are, vacated and set aside, and it is ordered that said case stand for hearing with reference to each of said tracts." On the 4th day of August, 1909, the court entered by default the decree under which the sale in question was made. There was no notice that the plaintiff would ask the court for the order entered on the 27th day of July, 1909, and there was no appearance by any of the defendants at the hearing on the motion. The decree now in question was rendered on the original petition filed by the state of Nebraska as

plaintiff when the case was commenced in 1904, and there was no appearance by the defendants, or any of them, on or at the hearing when the decree of August 4, 1909, was rendered. The decree ordered the property sold to enforce the payment of the amount of taxes found due against the lot in question, which was the same tax that was set out in the petition when the action was commenced in 1904, with the exception that the void taxes were eliminated. On the 8th day of November, 1909, the county treasurer sold the property under the new decree to A. J. Seaman. On Seaman's application to confirm the sale the owner of the lot appeared and contested his right to confirmation. The court ordered the sale confirmed, and it is now the contention of the owner: First, that the order of the court is not sustained by sufficient evidence; second, that the order of the court is contrary to law; third, that the owner of the property has the right to pay his taxes and assessments without regard to the decree of foreclosure in question.

It is argued that the court had no jurisdiction to render the decree of August 4, 1909, and therefore it was error to confirm the sale. We think this contention cannot be sustained. The statute under which these proceedings were prosecuted (laws 1903, ch 75), among other things, provides, in substance, that the state tax suit may be instituted against all lots and parcels of land against which there are unpaid delinquent taxes. The proceedings up to the time of the confirmation of the sale are summary in their nature, and no provisions are made for setting aside the sale, or attacking it in any manner, until confirmation is asked for. At that time interested persons may interpose their objections, as was done in this case. *Prudential Real Estate Co. v. Battelle,* 90 Neb. 549.

In *State v. Several Parcels of Land,* 81 Neb. 770, it was held: "Where taxes which are void and illegal are included in a default decree rendered under the provisions of article IX, ch. 77, Comp. St. 1907, commonly known as the 'Scavenger Law,' and the attention of the court is

called thereto by suitable objections to a motion to confirm, such motion should be denied, and the error in the decree corrected."

In the case of *State v. Several Parcels of Land*, 75 Neb. 538, the question before this court was the right of an owner to open the default decree and defend the action because he had not had notice of the commencement or pendency of the suit, and the court held that the provisions of the statute granting the landowner the right to object to the confirmation of sale, and define the ground of objection, afforded him an opportunity to have the question of the validity of the taxes determined before he is deprived of the property; but he may be required to wait until confirmation is applied for to litigate that question. The court refused to open the default upon the ground that the question of the validity of the taxes might be determined upon the application to confirm the sale.

The state of Illinois enacted a scavenger law at an early day, and several other states have adopted similar legislation. Our statutes seem to have been largely taken from that of Minnesota. But as the Minnesota statutes contain no provision for the confirmation of sales, the construction placed upon it is of no assistance to us, except as indicating how our statutes should be construed had the provisions contained in sections 38 and 39 been omitted therefrom. It is probable that these sections were adopted in order to give the owner the rights which are secured to him in administrative sales for taxes by section 3, art. IX of the constitution.

In *State v. Several Parcels of Land*, 81 Neb. 770, it was said: "It is urged that the proceedings prescribed by the statute are judicial in their nature, and that the decree rendered in pursuance of section 11, *supra*, is final and conclusive, and that it is inconsistent with this view to say that such decree may be opened up or assailed on confirmation. It is a canon of construction that an interpretation which gives effect to all parts of the statute should be sought for, and, if possible, adopted. In this

case all that is urged on behalf of the conclusive character of the decree might be admitted when such decree is attacked in another action or after confirmation, and at the same time effect might be given to the provisions of section 39." Other expressions contained in this opinion seem to convey the idea that the court, having obtained jurisdiction by the commencement of a scavenger foreclosure suit, retains such jurisdiction over all of the proceedings up to the final confirmation of the sale, and we are inclined to hold that the court has such jurisdiction, and has full power and authority to correct the decree by eliminating void taxes, and thus render it possible to correct any errors at any time while the proceedings are pending.

In *Prudential Real Estate Co. v. Hall*, 79 Neb. 805, it was said: "The decree, as affecting the tract involved, was by default, and by it the owner was not deprived of the legal right to have the validity of the taxes determined prior to the confirmation of the sale." On the rehearing in that case (79 Neb. 808) it was said: "The statute pursuant to which this proceeding is had requires of the court the exercise, so far as may be, of the powers of a chancellor in foreclosure cases. It is not doubted that in such cases the court is the vendor, or that he may reject any bid which for any reason appears to him to be inadequate, or that, while the proceeding remains within his jurisdiction, he may vacate any erroneous or improvident order he may have made during its progress. The statute in question does not express an intent either to enlarge or restrict, or in any way to affect, the exercise of this power, which has heretofore been regarded as inherent in a court of equity, and of which it may be doubted that the legislature has the power to deprive it." It may be said that by the application to set aside the confirmation the owner submitted to the jurisdiction of the court. In *State v. Several Parcels of Land*, 75 Neb. 538, it was said: "(1) A person against whose property a default decree upon constructive service has been rendered in a

a tax suit under the 'Scavenger Law' (Comp. St. 1903, ch. 77, art. IX, secs. 1-48) is not entitled, as a matter of right, to have the same opened up after the term, either under the provisions of section 82 of the code, or under the general equity powers of the court. (2) The provisions of the statute granting the landowner the right to object to the confirmation of sale, and defining the ground of objection, afford him an opportunity to have the question of the validity of the tax determined before he is deprived of his property; but he may be required to wait until confirmation is applied for to litigate that question." ·

From an examination of the scavenger tax law and the foregoing decisions, we conclude that the district court has jurisdiction to set aside and correct a default decree, and enter a corrected decree in its place, under which a confirmation of the tax sale may be had.

Finally, it is contended that the owner had the right to pay the tax assessed against his lot, regardless of the scavenger tax suit and the decree in question, by paying the amount of the tax, with the interest thereon at the rate provided for by the general tax laws. It appears that on the 28th day of November, 1911, the owner tendered to the treasurer of the city of Omaha, the amount of the taxes in question, together with 10 per cent. interest, and $1 as a docket fee, and such payment was refused because of the pendency of the scavenger tax foreclosure suit. The defendant has kept that tender good. By this he seeks to avoid the payment of interest, as provided by the scavenger tax law, upon the decree rendered on the 4th day of August, 1909. Having held that the decree was not void, it follows that the tender in question was insufficient in amount. The owner could only redeem from the decree by paying the same, together with the interest due thereon according to the provisions of the scavenger tax law.

It follows that the judgment of the district court was right, and it is therefore                    AFFIRMED.

LETTON, ROSE and SEDGWICK, JJ., not sitting.