In Re SECURITY BANK OF WINNER, SOUTH DAKOTA.

(241 N. W. 743.)

(File No. 7391. Opinion filed March 29, 1932.)

*Charles A. Davis*, of Burke, for Appellant.
*Windsor Doherty*, of Winner, for Respondent.

CAMPBELL, P. J. The insolvent Security Bank of Winner is being liquidated by the superintendent of banks under the supervision of the circuit court of Tripp county, S. D. In June, 1931, the superintendent of banks sought leave to sell certain real and personal property of the insolvent bank, which leave was granted. The property involved was the banking house of the insolvent bank (including the realty upon which it was located), together with the fixtures and contents thereof. Having obtained leave to sell, the superintendent gave notice in the manner and form required by law of the sale of such property, and that bids would be received to and including July 29, 1931. July 29, 1931, Farmers' State Bank of Witten filed with the superintendent of banks a sealed bid offering for the real and personal property advertised for sale the lump sum of $7,500, payable in certain installments at different dates as specified in the bid. On the same day the Bank of Winner submitted a sealed bid in the lump sum of $10,000 cash. Thereafter, and within ten days, the superintendent of banks accepted the bid of the Bank of Winner, made and filed a verified return of his proceedings, and asked confirmation of the sale. Within fifteen days after the filing of the report of sale, Farmers' State Bank of Witten filed exceptions thereto upon the ground that the Bank of Winner was not lawfully authorized to purchase and own the property because (upon information and belief) it was not buying the property for its own use and occupation as a banking house, and further alleging that the Farmers' State Bank of Witten was now offering the sum of $10,100 as a bid for said property, and was desirous of purchasing the

same for the purpose of operating its own bank therein. Attached to the exceptions was a written bid in the sum of $10,100. Upon the filing of such exceptions, the circuit court fixed a time and place for hearing upon the return of sale and the exceptions, of which due notice was given. Both the Farmers' State Bank of Witten and the Bank of Winner appeared at the hearing date. Some oral testimony was taken, and at the conclusion of the testimony the Bank of Winner moved the court to confirm the sale to it at the same amount bid by the Farmers' State Bank of Witten, to wit, $10,100. Before any ruling on that motion was made, the Farmers' State Bank of Witten made an offer of $10,200. Thereupon the Bank of Winner withdrew its motion for confirmation of sale to it at $10,100, and moved that the original sale to the Bank of Winner at $10,000 be confirmed, which motion was denied and exception allowed. Thereupon the following coloquy between the court, Mr. Davis, attorney for the Bank of Winner, and Mr. Doherty, attorney for the Farmers State Bank of Witten, took place:

"The Court: Permission is given to the Bank of Winner to withdraw its bid of $10,100.00, in which they ask for confirmation, such bid being the same bid as put in by the Farmer's State Bank of Witten in their objections to the confirmation of the sale to the Bank of Winner.

"At the hearing held herein The Farmers State Bank of Witten in open court bid the sum of $10,200.00, the Court now asks and gives permission of the Bank of Winner to make any additional bid that they desire to make at this time in open court.

"Mr. Davis: The Bank of Winner at this time does not desire to make any further bid.

"The Court: The Court now offers to order a re-sale of this property, advertise as such for bids as provided by the statute.

"The Court now asks for an expression of the desires of the Bank of Winner and the Farmers State Bank of Witten, the two bidders in this matter, as to whether they desire the Court to order re-advertisement for bids for the sale of this property.

"Mr. Doherty: The Farmers State Bank of Witten does not object to a resale, but moves the Court that its increased bid of $10,200.00 be accepted by the Court and that an order confirming the sale and directing the conveyance to it be executed, in case the Court does not order a re-sale.

"Mr. Davis: To which motion the Bank of Winner objects for the reason that this sale was in the first instance legally made and fairly conducted and that the sum bid was not disproportionate to the value of the property sold, and that its motion to confirm said sale should be confirmed and granted by this Court. And there is no authority in law for the procedure outlined or taken by the Court in this matter. Objection overruled. Exception taken and allowed.

"The Court: The motion made by the Farmers State Bank of Witten to confirm its bid of the property bid upon is hereby ordered confirmed for the sum of $10,200.00 and said bid is accepted and the conveyance of the property ordered."

Thereafter the court duly made and entered its written order confirming the sale of the property in question to the Farmers' State Bank of Witten in the sum of $10,200, from which order the Bank of Winner has appealed.

The statute with reference to the sale of property of insolvent banks in process of liquidation is chapter 103, Laws 1925. Under section 12 of the act, sale of personalty may be completed by the superintendent of banks or examiner in charge and confirmation thereof is unnecessary. Sections 13 and 19 of the act relate to confirmation of sale of realty. In the instant case some personalty was included in the sale, but the personalty was offered as a part and parcel of the realty, and no separate bids on the personalty were called for or made, and therefore the entire transaction must be treated as a sale of realty. The propriety of offering both realty and personalty and calling for one lump sum bid is not questioned on this record, and we express no opinion whatever on that point.

Appellant in its brief states the question before the court in the following language: "The sole question before this court is whether or not the trial court erred in overruling appellant's motion to confirm the sale to it at its bid of $10,000.00 for the property involved in this action, and in granting the motion of the Farmers State Bank of Witten, South Dakota, to accept its bid of $10,200.00 for the same property and in confirming said sale to it."

Appellant argues the general question of the receipt of an advance bid upon the confirmation of judicial sale, and cites a comprehensive annotation dealing with the subject found in 11 A. L. R. at page 399. The annotator summarizes the situation as follows:

"There are three doctrines as to the effect of the receipt of a higher bid after property has been struck off at a judicial sale, upon the confirmation of the sale. According to one theory, the mere fact that a higher bid has been received is sufficient reason to refuse confirmation and to open the biddings. According to another theory, the mere fact that a higher bid has been received is not a sufficient reason for refusal to confirm the sale. The adoption of the one or the other of these theories is one of policy. The courts which adhere to the former regard the receipt of a higher bid as conclusive evidence that the property was sold for an inadequate price,—at least that, in this particular case, it is conclusively shown that more might be obtained; while the courts that adhere to the latter theory take the view that judicial sales are rendered more stable and better prices are obtained for property generally when sold at judicial sale by making the highest bid which is accepted final. * * *

"According to the third doctrine, the entire matter of confirmation of judicial sales is left with the court, to be confirmed or not according to its discretion."

It is to be observed that this annotation is dealing with the question in the absence of mandatory or directory statute. As the annotator points out, the matter is largely a question of policy. In the instant case we think the policy has been determined by the Legislature. Section 19 of the statute provides as follows: "If it appears to the circuit court that the sale was legally made and fairly conducted, that the sum bid was not disproportionate to the value of the property sold, and that a greater sum cannot be obtained, or if an increased bid be made and accepted by the court, the court must make an order confirming the sale and direct conveyance to be executed. The sale from that time is confirmed and valid, and a certified copy of the order confirming it and directing conveyance to be executed must be recorded in the office of the register of deeds of the county in which the real property sold is situated. If after the confirmation the purchaser neglects or refuses to comply with the terms of sale, the court may, on motion of the superintendent of banks, or examiner in charge, and after notice to the purchaser, order a resale to be made of the property."

We think the statute plainly contemplates that an

increased bid may be made and accepted by the court. Doubtless the court has some discretion in the matter. The court would probably be entitled to take into consideration the amount of the increase as to whether it was reasonably substantial or not, and also the responsibility of the bidder and the likelihood of the consummation of the sale. The court would doubtless hesitate to refuse to confirm a prior bid if the increase was trifling and offered by some one of questionable responsibility. On the record before us, the increase was $200 over a bid of $10,000. So far as the record indicates, there is no reason to believe that there will not be a consummation of sale. Every opportunity was offered to the original high bidder to increase its bid, if desired. We do not think it is material that the Farmers' State Bank of Witten had previously and originally submitted a lower bid than the bank of Winner. Under the statute, the sale could have been originally ordered, if deemed advisable, at public auction. We see no reason under this statute why competition should not continue between interested bidders until confirmation of sale. The matter was conducted fairly, and we find no abuse of discretion or error in the action of the court. .

The order appealed from is affirmed.

POLLEY, ROBERTS, WARREN, and RUDOLPH, JJ., concur.