Harold **LIMMER**, as duly appointed Guardian of the person and estate of Evelyn Limmer, and Lola Henning, **Plaintiffs and Appellees,**

v.

Ethel **OPPENHUISEN**, Alice Wagner, and Ila Schroeder, Defendants,

and

Glenn Vander Hamm and Delbert Vander Hamm, **Defendants and Appellants.**

No. 13303–a–FGD.

Supreme Court of South Dakota.

Considered on Briefs Aug. 11, 1981.

Decided Sept. 2, 1981.

Kevin Dornberger of Haugo & Dornberger, Sioux Falls, for plaintiffs and appellees.

James R. Davies, Alexandria and Randolph F. Stiles of Hanson, Kaye, Stiles & Anderson, Mitchell, for defendants and appellants.

DUNN, Justice.

This is an appeal from an order directing the sale of certain real estate to an upset bidder following a judicial sale in a partition suit. We affirm.

On September 24, 1980, pursuant to an order of the trial court, the land as described in the petition for partition was sold at public auction to Glenn L. Vander Hamm, appellant and one of the heirs, and Delbert Vander Hamm, appellant, for the sum of $138,020.00. A hearing date for the confirmation of sale was set by the court for October 17, 1980. A copy of the notice of confirmation hearing was served on the parties to this action and on appellants, who had submitted the highest bid at the auction. A copy of the notice was also posted on the official bulletin board in the Hanson County Courthouse.

At the commencement of the confirmation hearing, an oral upset bid of $144,-921.00 was entered in open court by Paul Henning and David Henning. Appellants, although present with their attorney, did not raise this bid, but they did object to the confirmation of sale contending that the unsuccessful bidders who previously had bid on this property at auction were entitled to notice of the confirmation hearing. They did not object to the upset bid being oral at that time. The trial court granted appellants one week to submit statutory authority to the court in support of their objection. Immediately after the confirmation hearing, Paul Henning and David Henning executed a purchase agreement and deposited ten percent of the purchase price with the referee. After considering the written objections of appellants, the court found that the sale was lawfully, honestly, and fairly conducted and confirmed the sale of said premises to Paul Henning and David Henning.

Appellants contend that the trial court erred in confirming the sale to the upset bidders because the referee gave insufficient notice of the confirmation hearing to the unsuccessful bidders at the public auction. The record indicates that notice was given to the individual parties to the partition action, to the highest bidder from the auction sale, and was posted on the official bulletin board of the Hanson County Courthouse at least five days prior to the hearing. During the hearing, appellants did not raise the upset bid, nor was any evidence introduced at the hearing that one of the previously unsuccessful bidders would purchase the land for more than the upset bid of $144,921.00.

The Nebraska Supreme Court held that the confirmation of a sale to upset bidders was proper where all parties to a partition suit and the highest bidder at an auction sale were informed of the confirmation

hearing and where no evidence was introduced at the hearing which indicated that a resale would bring a bid higher than the upset bid price. *Rupe v. Oldenburg*, 184 Neb. 229, 166 N.W.2d 417 (1969). In this instance, the parties were treated fairly and the rights of appellants were not prejudiced by the referee's notice of the confirmation hearing. *See Maras v. Stilinovich*, Minn., 268 N.W.2d 541 (1978).

Appellants also contend that the trial court erred in accepting the oral upset bid at the confirmation hearing. The requirements of SDCL 21–45–44 specify that:

Such sale shall not be confirmed as to any property for which a higher and better bid in writing, equal to or exceeding the amount specified in the order of sale, shall have been filed, prior to *or at the hearing* upon the return of sale, and successive bids may be received at such hearing .... (emphasis added)

Paul Henning and David Henning made an oral upset bid at the confirmation hearing in the amount of $144,921.00. No higher bids were received by the trial court. Immediately following the hearing, the trial court directed Paul Henning and David Henning to execute a written purchase agreement for the property with the referee. A week later, the trial court entered its order confirming sale. We hold that the execution of the written purchase agreement after the confirmation hearing but prior to the entering of the order confirming sale is adequate to meet the statutory requirements of SDCL 21–45–44.

In view of all the circumstances of the sale, it is our opinion that it was properly conducted and that the trial court acted within its discretion in confirming it. The method of conducting and the confirmation of a judicial sale lie within the sound discretion of the court ordering the sale. *Prentiss v. Sheffel*, 20 Ariz.App. 411, 513 P.2d 949 (1973); *In re Security Bank of Winner*, 59 S.D. 622, 241 N.W. 743 (1932).

We affirm the order of the trial court.

All the Justices concur.