THE COUNTY OF GAGE, APPELLEE, V. BEATRICE NEBRASKA WATER COMPANY ET AL., APPELLEES, MILTON PREBYL, APPELLANT, LEONARD R. SANFORD, APPELLEE.

22 N. W. 2d 696

FILED MAY 10, 1946. No. 32051.

*Milton Prebyl, pro se,* for appellant.

*Dean R. Sackett, Charles L. Brewster,* and *Leslie H. Noble,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This is an action brought by Gage County to foreclose certain tax-sale certificates owned and held by it for more than two years in the manner provided by section 77-1902, R. S. 1943. A decree of foreclosure was duly entered on the thirteenth cause of action in the amount of $1,869.10 with interest at seven percent and costs, including an attorney's fee in the amount of $186.91. A sale was held at which the appellant, Milton Prebyl, was the high bidder in the amount of $830. On September 10, 1945, after the sale and before confirmation thereof, the appellee, Leonard.

R. Sanford, filed objections to the confirmation of said sale and tendered into court a bid of $1,200, together with a certified check for that amount. After a hearing, the trial court on September 25, 1945, entered an order sustaining the objections to confirmation of sale and ordered a resale of the real estate subject to the decree. The trial court further ordered that the bid of $1,200 placed by Sanford should be the initial bid at such resale and ordered the sum paid in by Prebyl returned to him.

Appellant contends that the trial court erred in setting aside the sale for $830 upon the offer of appellee to bid $1,200 upon a resale. The contentions urged by the appellant appear to have been recently decided by this court in County of Nance v. Thomas, 146 Neb. 640, 20 N. W. 2d 925, wherein we said: "Substantially increased offers made in open court for property sold under tax-sale foreclosure, before confirmation of the sale to the highest bidder, are sufficient evidence to support a finding of the trial court in the exercise of its sound judicial discretion that confirmation should be denied and a new sale ordered." See Siekert v. Soester, 144 Neb. 321, 13 N. W. 2d 139.

The Nance County case appears in point on both the facts and the law, and, upon the authority of that decision, an affirmance of the judgment entered by the trial court is required.

AFFIRMED.