STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V. DENTON STATE BANK, APPELLEE: LOAN & FINANCE COMPANY, INTERVENER, APPELLANT.

FILED MARCH 23, 1934. No. 28890.

*Bert L. Overcash* and *H. B. Muffly,* for appellant.

*F. C. Radke, G. E. Price* and *William J. Gartland,* contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LANDIS, District Judge.

DAY, J.

This is an appeal from an order of the trial court denying confirmation of a sale of assets of the defunct Denton State Bank. Upon the application of the receiver, showing that the assets of the bank had been collected and reduced to cash as far as practical and also reporting that the remaining assets were worthless or of such doubtful value that a continuation of the receivership was not for the best interests of the depositors and other creditors, the court ordered that these assets be sold at public sale and fixed the time and notice of such sale. At this public sale, the Loan & Finance Company made the high bid of $550, which was reported to the court. It was also reported to the court that subsequent to the sale an offer of $650 was received, whereupon the Loan & Finance Company offered to pay $685 instead of the amount bid at the public sale. The report of the receiver stated that the depositors' committee did not recommend confirmation of the sale. The receiver did recommend confirmation. The Loan & Finance Company, the highest bidder at the public sale, which later raised its offer to an amount more than that made by another subsequent to the sale, appeals from the order denying confirmation. The appellant filed briefs

in this court and made an oral argument, while the receiver's attorney did not file a brief and did not argue the case, but stated in open court that to do so would be inconsistent with his recommendation before the trial court that the sale be confirmed. No objections were filed in the trial court by the depositors' committee or any one else. The order of the trial judge overrules the receiver's motion and denies confirmation without any finding of fact upon which the order was based. The appellant Loan & Finance Company insists that it is entitled to a confirmation of a sale to it by reason of an offer made in the interval between the public sale and the time when the matter of confirmation was before the court. Great reliance is placed upon *State v. American State Bank*, 122 Neb. 42. In the cited case, some real estate, the asset of a defunct state bank, was sold at public sale, and, on the date fixed for confirmation, the court ordered a resale in open court, whereupon a substantially higher offer was received and sale immediately confirmed. The high bidder at the public sale appealed, and this court, following the authority of *Penn Mutual Life Ins. Co. v. Creighton Theatre Building Co.*, 51 Neb. 659, held that an order of the district court setting aside such a sale and ordering a resale is a final order affecting the substantial right of purchaser from which he may appeal. See, also, *Reece v. Cartwright*, 209 Ia. 706. A successful bidder at a judicial sale becomes a party, may appear and urge confirmation, or show cause why he should be released from his obligation, and may appeal from the order upon motion for confirmation.

In the *American State Bank* case, *supra*, the offer in open court was so much more than the bid at the public sale that it was evident that the amount bid was grossly inadequate. The appellant who bid much less was the only complainant. To have confirmed sale to him would have prejudiced the substantial rights of the depositors and other creditors of the insolvent bank. For an interesting discussion of the effect of receipt of advance bid before

confirmation upon the confirmation of a judicial sale, see notation in 11 A. L. R. 399.

However, it is not necessary that we reexamine the *American State Bank* case now, since this case does not present a similar situation. Here a subsequent offer was received from another, after which appellant increased his former offer almost 24.55 per cent. The appellant abandoned his bid made at a public judicial sale, and he then made a subsequent offer. These two subsequent offers, made after the sale and prior to confirmation, were evidence that the highest bid at the public sale was grossly inadequate. Such evidence might well cast suspicion upon the sufficiency of the last offer. It is the duty of bank receivers and trial courts to attempt to secure highest possible price for assets of failed bank. The court has much discretion as to the method of sale, and there are no restrictions upon the means by which the court may determine the adequacy of price. Even in sale of real estate at mortgage foreclosure, where the appeal is by the mortgagor, it has been said in *Lindberg v. Tolle,* 121 Neb. 25: "Under our statute the trial court passes on the regularity of foreclosure sales and the proceedings leading thereto. There are no restrictions upon the means by which that court may be satisfied that the land brought its fair value."

In several such cases, it has been held that a judicial sale will not be set aside on account of mere inadequacy of price, unless such inadequacy is so gross as to make it appear that it was the result of fraud or mistake or to shock the conscience of the court. *First Nat. Bank v. Hunt,* 101 Neb. 743; *Frederick v. Gehling,* 92 Neb. 204. But in these cases, there was no evidence that others were willing to pay more.

Substantially increased offers to receiver for assets of failed bank before confirmation of sale to highest bidder at public sale is sufficient evidence to support a finding of trial court in exercise of its judicial discretion that confirmation should be denied and new sale ordered. Appel-

lant's later offer was in the nature of a private one, and it is not entitled, as a matter of right, to a confirmation of a judicial sale, and the record does not demonstrate that that discretion was abused in this case.

AFFIRMED.