FIRST NATIONAL BANK OF FAIRBURY, APPELLEE, V. FIRST TRUST COMPANY OF LINCOLN ET AL., APPELLEES: MAX RUHNKE, APPELLANT.

15 N. W. 2d 386

FILED JULY 28, 1944. No. 31780.

*W. J. Moss* and *Melvin H. Moss*, for appellant.

*Hartigan & Skultety* and *Cline, Williams & Wright*, contra.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

YEAGER, J.

Pursuant to a decree in partition in this action certain lands in Jefferson county, Nebraska, were ordered sold by a duly appointed and qualified referee to the appellant, Max Ruhnke, for $12,500. The referee filed his report of sale on November 8, 1943. On November 9, 1943, the court made a finding that the land had been sold for its fair value and entered an order confirming the sale. On November 12, 1943, the defendants in the action for partition filed a motion to set aside the order confirming the sale on the ground that the land had not been sold for its fair value. Thereafter on November 27, 1943, one C. Urbach filed with the clerk of the court an offer to bid not less than $13,500 for the property and to guarantee such bid he deposited with the clerk his certified check for $4,000. This was $1,000 in excess of the bid on which it had been previously sold. Thereafter on December 7, 1943, the court entered an order vacating the order of confirmation entered November 9, 1943, and ordered a resale. This order was entered at the same term as the order confirming the sale.

From the order setting aside the confirmation and ordering a resale Max Ruhnke, the purchaser at the sale which was set aside, has appealed.

The substance of the errors assigned as ground for reversal is that the court was without power under the circumstances to set aside the order of confirmation and to order a resale.

As has been noted the order of confirmation was vacated at the same term that it was entered. The rule in such

cases is that courts of general jurisdiction possess inherent power to vacate or modify their own judgments at any time during the term at which they were pronounced. *Bradley v. Slater,* 58 Neb. 554, 78 N. W. 1069. This rule was announced without qualification in the earlier cases. In the later cases, however, certain qualifications have been attached.

In *Lyman v. Dunn,* 125 Neb. 770, 252 N. W. 197, the court speaking of the power of the court to vacate judgments within the term said: "If the application to vacate the judgment had been heard by the court at the term at which it was filed, appellants concede that the court would have had the power to vacate the judgment. That has been the settled law in this jurisdiction many years, if there has been no abuse of judicial discretion in exercising the power within the same term."

In *Dimmel v. State,* 128 Neb. 191, 258 N. W. 271, it was stated: "The trial court, or district court, has jurisdiction to set aside its own judgment during the term at which it was rendered, if it believes that its former conclusion is erroneous."

In *State Life Ins. Co. v. Heffner,* 131 Neb. 700, 269 N. W. 629, a mistake was made in an advertisement of land sold under mortgage foreclosure. On the basis of this mistake a sale was had and sale confirmed. The sale and confirmation were set aside during the term. The first point of the syllabus which is a summary of the holding in the opinion is the following: "The district court has the right and power to vacate, set aside, amend or correct any judgment or order made by it during the same term at which it was rendered if it appears that its former judgment was the result of fraud, accident or mistake."

Thus it would appear that the true rule is that the district court has power to vacate or modify its own judgments at any time during the term at which they were pronounced for the purpose of correcting error or to relieve against fraud, accident or mistake, also the power may be exercised without regard to error, fraud, accident or mistake in the absence of an abuse of discretion.

In the light of subsequent events as shown by the record, namely that at least an additional $1,000 could be obtained for the parties interested we cannot say that the court abused its discretion in vacating and setting aside the confirmation and ordering a resale of the property. See *Siekert v. Soester*, 144 Neb. 321, 13 N. W. 2d 139.

The judgment of the district court is affirmed.

AFFIRMED.