THE COUNTY OF NANCE, APPELLEE, V. EDWARD J. THOMAS ET AL., APPELLEES, IMPLEADED WITH ELSIE PACHUNKA ET AL., APPELLANTS.

20 N. W. 2d 925

FILED DECEMBER 7, 1945. No. 31979.

*G. F. Rose,* for appellants.

*Robert C. Brower* and *Carroll Thompson,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

MESSMORE, J.

The County of Nance brought this action in the district court under the provisions of section 77-2039, C. S. Supp., 1941, to foreclose for delinquent taxes on various tracts of real estate located in said county. Collection of delinquent real-estate taxes through court proceedings now appearing in article 19, sections 77-1901 to and including 77-1928, R. S. 1943, are not here involved. The plaintiff's petition was regular in form, setting forth the description of the land here involved in the first and second causes of action, and that Edward J. Thomas was the owner and in possession of both tracts and in default of payment of taxes for the years 1931 to and including the year 1940, in the aggregate sum of $414.61 on each tract. Petition prayed for an accounting, foreclosure of the liens, and sale of the premises.

The record shows that on March 5, 1942, decree of fore-

closure was entered, finding that there was due on each of the two tracts, for delinquent taxes and interest, the sum of $493.13, and ordering the sale of the premises in default of payment. On May 19, 1942, the return to the order of sale discloses Nance County as the purchaser of the land described in the first cause of action for the amount of $200, and Elsie Pachunka the land described in the second cause of action for the amount of $205. The latter purchaser paid subsequent taxes in the amount of $158.11, and the county paid subsequent taxes through 1943 in full, in the amount of $124.57. More than two years from the date of the sales the county attorney filed a motion for confirmation, on June 5, 1944, to have the sales of May 19, 1942, of the lands here involved confirmed. The hearing on confirmation was continued to July 20, 1944. On July 22, 1944, one Thomas D. Thomas, not a party to the action, filed a motion to set aside the sales, and an offer to bid $350 on each of the two tracts of land, and deposited the amount of $700 by a certified check to guarantee the bid, and agreed to pay the taxes which have accrued against each of the tracts of land since the decree of foreclosure was entered. On September 6, 1944, the trial court set aside the sales and ordered new sales. On the same day Elsie Pachunka, the purchaser of the land described in the second cause of action, filed objections to the setting aside of the sale, alleging that the sale was legally conducted and the price paid represented the reasonable price and value of the premises; that the owner, with full knowledge of all proceedings relative to the sale, made no objections thereto and had taken no steps to redeem as provided by law; that the objector, Thomas D. Thomas, had no interest in the premises and no right to object to the sale, and moved the court for confirmation. Again, on September 9, 1944, Elsie Pachunka filed a like motion. On the same day William Pachunka, a resident and taxpayer of Nance County, filed a motion to set aside the order setting aside the sale to the first cause of action and to reinstate the original sale to Nance County. On January 3, 1945, the motion of Elsie Pachunka to confirm the sale to

the second cause of action was overruled. The sales under both causes of action were set aside, order was made that the premises be readvertised and sold according to law, the clerk was directed to refund to the separate purchasers the amount of their respective bids, and the question of the purchasers receiving any interest on past bids reserved for future determination. On January 3, 1945, over the objections of William Pachunka and Elsie Pachunka, and the county attorney not objecting, testimony was taken with reference to the value of the land. On January 6, 1945, William Pachunka filed a motion to set aside order sustaining the application of Thomas D. Thomas to bid on the premises involved in cause of action number one, and to cancel and set aside the application, and asked that the original sale be reinstated and confirmed. On the same day a similar motion was filed by Elsie Pachunka with reference to the second cause of action. On February 5, 1945, the two motions of January 6, 1945, filed by William Pachunka and Elsie Pachunka as heretofore set forth in substance, were overruled, and it was ordered that the purchasers, Nance County and Elsie Pachunka, should have the subsequent taxes paid by them restored to them in addition to the amounts of their bids on the two tracts of land, and the bidder, Thomas D. Thomas, in open court consented the same be paid out of money deposited on his bid. From this order William Pachunka and Elsie Pachunka appeal, and will hereinafter be referred to as the appellants, and Thomas D. Thomas, objector, will hereinafter be referred to as the appellee.

Appellants contend the trial court erred in setting aside the sales under the first and second causes of action on the application of the appellee, a stranger to the suit, and in not sustaining the appellants' motions to confirm the sales.

In this connection, appellants refer to sections 25-328 to 25-330, inclusive, R. S. 1943, to the effect that any person who has or claims an interest in the matter of litigation, in the success of either of the parties to an action, or against both, in any action pending or to be brought in any of the

courts in the state, may become a party to an action. Thus, an intervener must plead some interest in the subject matter of the litigation to give him standing in court, and must have averment of the ultimate facts evidencing his interest in the matter of litigation, otherwise he is a mere interloper, and wholly incompetent to challenge the contentions of the opposing parties. Therefore, appellants contend the actions of the appellee are a nullity. See Parker v. City of Grand Island, 115 Neb. 892, 215 N. W. 127.

This raises the question as to whether or not, under the circumstances presented, the appellee was privileged to make the bids which he made. We believe the question requires an affirmative answer.

In this respect, appropriate language for our conclusion may be found in the case of State ex rel. Spillman v. American State Bank, 122 Neb. 42, 239 N. W. 214. At the public sale of the bank building a bid was made, and objections thereto were made by a depositor. The district court, on the day fixed for confirmation, directed a resale to be held then and there in open court, whereupon a new bid was made for more than $1,300 over the bid at the public sale. The latter bid was accepted and the sale confirmed. The court, in discussing the matter, said: "The high bidder at such a sale acquires certain rights which must be protected, and he is entitled to a confirmation of the sale if there is no good reason why it should not be confirmed, and the court is faced with the equities due to the one who has made this high bid on the one hand and with the rights of the depositors and the obligations of the officers in charge of the affairs of the bank on the other hand, and this court holds that the district judge, when all the parties were before him in open court, and when it was evident that more money could be received for the depositors, acted within his rights in refusing to confirm the high bid made some days before at the public sale and in confirming the higher bid received in open court * * * ."

It is obvious that the cited case did not require a bidder to intervene in the original action in order to make his bid.

The bid was made in open court, and the court had the exercise of sound judicial discretion as to whether or not the bid was an adequate price for the property offered for sale.

In the case of State ex rel. Sorensen v. Denton State Bank, 126 Neb. 486, 253 N. W. 670, it was held: "Substantially increased offers to receiver for assets of failed bank before confirmation of sale to highest bidder at public sale are sufficient evidence to support a finding of trial court in exercise of its judicial discretion that confirmation should be denied and new sale ordered."

In the case of Occidental Building & Loan Assn. v. Beal, 122 Neb. 40, 239 N. W. 202, this court held: "There are no restrictions upon the means by which the trial court may satisfy itself that a fair price was obtained at a foreclosure sale or that a subsequent sale would not realize a greater amount."

In the case of Crews v. Alberts, 124 Neb. 671, 247 N. W. 602, this court held: "Trial court has duty to determine, by unrestricted means, whether at foreclosure sale price is adequate or whether at a subsequent sale more would be realized."

In the case of First Nat. Bank of Fairbury v. First Trust Co. of Lincoln, 145 Neb. 147, 15 N. W. 2d 386, a bid was made in open court, in a partition action, of $1,000 more than the property had sold for at public sale. A resale was ordered and the bid made in open court was accepted and the sale confirmed.

In the case of Prudential Real Estate Co. v. Hall, 79 Neb. 805, 113 N. W. 243, this court said: "The cause was brought to this court by an appeal from an order vacating and setting aside a sale of real estate, and ordering a resale thereof, for delinquent taxes, pursuant to a decree therefor made in a proceeding for statutory foreclosure under an act of the legislature commonly known as the 'Scavenger Act.' * * * The statute pursuant to which this proceeding is had requires of the court the exercise, so far as may be, of the powers of a chancellor in foreclosure cases. It is not doubted that in such cases the court is the vendor, or that he may

reject any bid which for any reason appears to him to be inadequate, or that, while the proceeding remains within his jurisdiction, he may vacate any erroneous or improvident order he may have made during its progress."

In Siekert v. Soester, 144 Neb. 321, 13 N. W. 2d 139, this court held: "Substantially increased offers to a referee for property sold by him, made before confirmation of the sale to the highest bidder, are sufficient evidence to support a finding of the trial court in the exercise of its judicial discretion that confirmation should be denied and a new sale ordered." The court said: "According to the third doctrine (See 11 A. L. R. note, pp. 417 to 419 inclusive), where there has been an advanced bid before confirmation, the entire matter of confirmation of judicial sales is left with the trial court, to be confirmed or not according to its judicial discretion. This doctrine is the one heretofore approved and adopted by this court. True, in several cases it has been held by this court that a judicial sale will not be set aside on account of mere inadequacy of price, unless such inadequacy is so gross as to make it appear that it was the result of fraud or mistake, or to shock the conscience of the court. But in these cases there was no evidence that others were willing to pay more. See State ex rel. Sorensen v. Denton State Bank, *supra*."

The record in the instant case discloses that the bid made by the appellee was approximately 75 percent more than the bid made by Nance County and the appellant, Elsie Pachunka, and furthermore, the values placed on the land by the witnesses who testified at the hearing for such purpose, indicate that the bids so made were grossly inadequate and that in the exercise of sound judicial discretion the court, having an advanced bid of 75 percent more than the original bid, and with the evidence before him as to the value of the land in question, believed that a resale would be more advantageous to the taxpayers generally and to the subdivisions of the government interested in securing their proportionate share of the taxes, and we believe that it is the equitable duty of the court to so use its sound discretion in such respect.

We conclude, on this phase of the case, that the appellee was privileged to submit a bid in open court on the land in question under tax-foreclosure proceedings, and that the court had a right to consider the bid of the appellee in its exercise of sound judicial discretion.

It is further contended by the appellants that section 77-2039, C. S. Supp., 1941, within the contemplation of Dawson County v. Whaley, 134 Neb. 509, 279 N. W. 164, restricted the right of the district court to exercise sound judicial discretion in tax-foreclosure sales, as provided for by such section. This contention is probably made for the reason that this court stated in the opinion that: "Section 77-. 2039, Comp. St. Supp. 1937, provides a full, complete and definite procedure by which a county may foreclose the lien of certain delinquent taxes." It was further held: "It is an established rule of construction that special provisions in a statute in regard to a particular subject control general provisions." The language appearing in section 77-2039, C. S. Supp., 1941, in part is as follows: "At any time after the expiration of two years the court shall, on motion of the county attorney, examine the proceedings, and, if they are found to be correct, and if the subsequent taxes have been paid to date, shall make and enter an order of confirmation, * * * ." It would be extremely unwise so to tie the hands of the district judge as to deprive him of the power to avail of an opportunity so advantageous for the public, and this court will not take so unprecedented a step. The power vested in the district court to exercise judicial discretion in handling a judicial sale is inherent in a court of equity, and of which it may not be deprived by the Legislature, and we hold that the language so appearing in the section of the statute is ineffective to take from the district court the inherent power to exercise sound judicial discretion in tax-foreclosure sales, as in the instant case.

In analyzing the case of Dawson County v. Whaley, *supra*, we find no language stated therein depriving the district court of authority to exercise its sound judicial discretion in determining whether or not bids in foreclosure sales, such

as in the instant case, are adequate or inadequate, or whether or not a new sale would realize more for the benefit of the parties interested.

We conclude, for the reasons given in this opinion, that the judgment of the trial court should be affirmed.

AFFIRMED.