COUNTY OF LANCASTER, APPELLANT, V. ALBERT P. SCHWARZ ET AL., APPELLEES, KENNETH GREEN, APPELLANT AND OBJECTOR TO CONFIRMATION OF SALE.
39 N. W. 2d 921

Filed December 12, 1949. No. 32647.

*Frederick H. Wagener, Herbert A. Ronin,* and *Arthur E. Perry,* for appellant County of Lancaster.

*Chambers, Holland & Groth,* for appellant Kenneth Green.

*Miles W. Johnston,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

On August 9, 1946, this action was commenced to foreclose the lien for taxes on the lands involved in this appeal, and other lands. On September 18, 1946, the trial court entered its decree of foreclosure, finding the amount of the lien to be $4,080.09. The lands were sold on November 19, 1946, at sheriff's sale pursuant to the decree to Otto H. Schmidt for $1,000. On November 18, 1948, immediately prior to the expiration of the two-year redemption period, objections to the confirmation of the sale were filed by the appellant, Kenneth Green, supported by an offer by him to purchase the property for $1,500. He deposited the amount of $1,500 into court to assure the good faith of his bid. The court overruled the objections to confirmation. On January 29, 1949, amended objections to confirmation were filed by Green, supported by an offer by him to purchase the property for $2,000. An additional $500 was also paid into court. The court overruled the amended objections to confirmation on February 14, 1949, and from this order Green and the county of Lancaster appeal.

The evidence in this case establishes that $1,000 was the reasonable market value of the property on November 19, 1946, the date of the sheriff's sale. The evidence also shows that the reasonable market value of this property had greatly increased during the period the confirmation of the sale was stayed pending the expiration of the two-year period for redemption. In other words, the evidence sustains the finding of the trial court

that the property was sold at a fair and reasonable value as of the date of the sheriff's sale. It is plain therefore that the upset bid made by Green immediately prior to the expiration of the two-year redemption period was brought about by the increase in value of the property subsequent to the sheriff's sale thereof. It is the contention of the appellants that this affords a basis for setting aside the sale and ordering a resale of the property, or, in the alternative, the acceptance of the upset bid and the confirmation of the sale to the upset bidder.

It is well established that the sale of property at judicial sale to the highest bidder is not final and complete until confirmed by the court directing the sale. If the sale was fairly conducted and the property sold for a reasonable and fair value under the circumstances, the court is ordinarily required in the exercise of its judicial discretion to confirm the sale. Inadequacy of price is not of itself sufficient to warrant a resale unless it appears that such resale would probably produce a higher price. Due regard must be given to the rights of the successful bidder and the stability of judicial sales generally. The successful bidder at a judicial sale acquires a vested right by his bid and has an appealable interest when his rights are cut off by the court. Consequently, a successful bidder may appear and urge confirmation and appeal from an order setting the sale aside. Siekert v. Soester, 144 Neb. 321, 13 N. W. 2d 139, 152 A. L. R. 527.

An upset bid, made after the judicial sale has been held and prior to its confirmation by the court, is relevant only to the extent that it bears upon the fairness of the sale and the adequacy of the highest bid at the advertised judicial sale. See State ex rel. Sorensen v. Denton State Bank, 126 Neb. 486, 253 N. W. 670. The upset bid to be effective must be substantial and material, and not merely nominal; otherwise it would not tend to establish fraud or unfairness at the judicial sale or the inadequacy of the highest bid procured at such sale. Whether such a bid is sufficient to warrant a resale or a reopening of the

bidding is largely a discretionary matter with the trial court. It follows that the discretion of the court to reject the high bid at the judicial sale gains latitude as the upset bids become larger. Criswell v. Criswell, 230 Iowa 27, 300 N. W. 533. The mere fact that a higher upset bid has been received is not a sufficient reason of itself to refuse to confirm a judicial sale. The court will not ordinarily refuse to confirm a sale which has been regularly held and fairly conducted. An upset bid should be considered only when it affords convincing proof that the property was sold at an inadequate price and that a just regard for the rights of all concerned and the stability of judicial sales permit its acceptance. County of Nance v. Thomas, 146 Neb. 640, 20 N. W. 2d 925; County of Gage v. Beatrice Neb. Water Co., 147 Neb. 236, 22 N. W. 2d 696. In determining whether an upset bid is sufficient to sustain a finding that the price obtained at judicial sale was inadequate, the court must exercise the discretion vested in it in accordance with established legal principles. 31 Am. Jur., Judicial Sales, § 100, p. 452, and § 102, p. 453.

In the case before us, however, the upset bid does not support a contention that the highest bid at the judicial sale was the result of fraud or unfairness, or that it was inadequate under the circumstances. The evidence affirmatively shows that the successful bid of $1,000 made at the judicial sale of the property was a fair and reasonable bid and represented the reasonable value of the property at the time it was made. The upset bid, being induced by the subsequent enhancement of the value of the property and not being made as evidence of the inadequacy of the price bid at the judicial sale, is not competent for any purpose in this litigation. Clearly, an enhancement of the value of the property after it was knocked off to the high bidder at judicial sale belongs to such bidder subject only to the powers of the court in granting or denying confirmation, and the right of the owner of the equity of redemption to redeem. Similarly, if the property depreciates in value the loss must be

borne by the purchaser. Cropper v. Brown, 76 N. J. Eq. 406, 74 A. 987, 139 Am. S. R. 770; Sakuma v. Zellerbach Paper Co., 25 Cal. App. 2d 309, 77 P. 2d 313.

If upset bids were permitted and accepted under any and all circumstances, the holding of judicial sales would become only a means of bidding on the property instead of an opportunity to purchase it. Bidders would naturally pass up the judicial sale and place their bids with the court immediately prior to the hearing on confirmation and thereby eliminate the risk of loss by depreciation in the value of the property pending confirmation. Such procedure seeks to deprive a purchaser at judicial sale of the property if the bidder making the upset bid thinks the purchase an advantageous one and leaves it to the buyer if he thinks the purchase unwise. The effect of such a procedure would be to chill the bidding at judicial sales and would largely eliminate the purpose for which they are held.

The record discloses that the upset bid was not accepted by the trial court. We think the trial court was correct in so doing, in view of what we have herein said. The upset bidder is therefore in no different position than any other unsuccessful bidder and, unless and until he gains the rights of a successful bidder, he gains no right in the litigation and can have no appealable interest therein. The attempted appeal by Green, the upset bidder, is therefore dismissed for want of an appealable interest.

The record shows that there has been no confirmation of sale entered in the district court. In fact there has been no motion filed to confirm the sale. An order overruling a motion to deny confirmation of a judicial sale and to set the sale aside is not a final or reviewable order from which the county may appeal. Hall v. Moore, 75 Neb. 693, 106 N. W. 785. The appeal of the county must therefore be dismissed.

The county relies upon the fact that it has designated itself as a cross-appellant. It is axiomatic, if the appellant had no appealable interest in the litigation, that a

cross-appellant can gain no rights by virtue of the attempted appeal. Since the county has no final or appealable order from which an appeal can be taken in its own right, its purported cross-appeal is likewise ineffective to present an issue to this court for its determination.

APPEAL DISMISSED.

CHAPPELL, J., not participating.