ROY R. HULL, GUARDIAN OF THE ESTATE OF MYRTLE MARGARET HULL, AN INCOMPETENT, ET AL., APPELLEES, v. ROSS D. HULL ET AL., APPELLEES, L. W. WEBER ET AL., BIDDERS, APPELLANTS

164 N. W. 2d 455

Filed January 24, 1969. No. 37012.

Keith Hopewell and Weber & Robinson, for appellants.

Fred S. Jack and Bernard T. Pipher, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and WILLIAM C. SMITH, JR., District Judge.

McCOWN, J.

The appellants here were the successful bidders at a referee's sale of land in a partition action. At the hearing on objections to confirmation, the objections were sustained and the court reopened the sale. The property was sold in open court to another purchaser and that sale confirmed. The original successful bidders have appealed.

The partition action involved 120 acres of rolling farm land not suitable for irrigation, located near Tekamah, in Burt County, Nebraska. Myrtle Margaret Hull, an incompetent, who was represented in the partition action by Roy. R. Hull, her son and guardian, owned a one-third interest in the property. Roy R. Hull and his brothers, Ross D. Hull and Herbert C. Hull, each owned an undivided two-ninths interest in the property. These individuals, with two of their spouses, constitute the plaintiffs and defendants in the partition action. On December 28, 1967, the court ordered the referee to sell the property at public sale. On February 6, 1968, the referee conducted the public sale at the Burt County courthouse commencing at 2 o'clock p.m. The sale remained open for just under 2 hours. The sale had been advertised in several newspapers, including

some display advertising; on one radio station; and by posting and distribution of handbills. The sale was attended by approximately 100 persons. After some 17 separate bids, the appellants L. W. Weber and J. W. Weber, were the final and successful bidders on their bid of $45,500. They made the downpayment pursuant to the court's order of sale.

On March 1, 1968, Roy Hull and Herbert Hull filed objections to confirmation and offered to bid the sum of $46,800 for the property. Objections to confirmation were also filed on behalf of Myrtle Margaret Hull and by Ross Hull. All of the objections were based on the allegation that the property had sold for an inadequate price. The successful bidders filed their answer to the objections. On March 8, 1968, hearing on the referee's report of sale and the objections to confirmation was held and testimony taken. An expert real estate witness testified that, in his opinion, the $45,500 bid was an adequate and fair price for the property and that he considered it the top price for the land at the time. One of the successful bidders also testified that $45,500 was the very top price for the property. He also testified that the purchasers had obtained appraisals from appraisers representing various farm and insurance lending institutions. These appraisals were from five different individiual appraisers and ranged from $300 per acre to $375 per acre, or from $36,000 to $45,000.

At the hearing, Roy Hull offered a 5 percent increase on behalf of his brother, Herbert Hull. Except for the offers of Roy Hull or his brother, Herbert Hull, there was no testimony which contradicted the appellants' evidence that the property sold for a fair and adequate price at the time of the original sale.

The problem of balancing the duty to secure the highest possible price for property sold at judicial sales for the benefit of the owners, and at the same time maintain the stability of judicial sales has troubled courts for a long time. There are three doctrines which have been

adopted by various courts. According to one theory, the mere fact that a higher bid has been received is sufficient reason to refuse confirmation and reopen the bidding. According to another theory, the mere fact that a higher bid has been received is not a sufficient reason for refusal to confirm the, sale. The courts which adhere to the former theory regard the receipt of a higher bid as conclusive evidence that the property was sold for an inadequate price, while the, courts that adhere to the latter theory take the view that judicial sales are rendered more stable and better prices are obtained for property generally when sold at judicial sale, by making the highest bid which is accepted final. See Annotation, 152 A. L. R. 530.

According to the third doctrine, the entire matter of confirmation of judicial sales is left to the judicial discretion of the trial court. This doctrine has been adopted in Nebraska. See Siekert v. Soester, 144 Neb. 321, 13 N. W. 2d 139, 152 A. L. R. 527.

The discretion to be exercised is not arbitrary, however, but should be one which is sound and equitable in view of all the circumstances. The court must act in the interest of fairness and prudence, and with a just regard to the rights of all concerned and the stability of judicial sales. Michelson v. Wagner, 170 Neb. 28, 101 N. W. 2d 498.

As this court said in County of Lancaster v. Schwarz, 152 Neb. 15, 39 N. W. 2d 921: "If the sale was fairly conducted and the property sold for a reasonable and fair value under the circumstances, the court is ordinarily required in the exercise of its judicial discretion to confirm the sale. Inadequacy of price is not of itself sufficient to warrant a resale unless it appears that such resale would probably produce a higher price. Due regard must be given to the rights of the successful bidder and the stability of judicial sales generally."

The Schwarz case is cited as authority for the statement in 30A Am. Jur., Judicial Sales, § 109, p. 965: "An

upset bid should be considered, however, only when it affords convincing proof that the property was sold at an inadequate price and that a just regard for the rights of all concerned and the stability of judicial sales permit its acceptance. Thus, an upset bid, made after the judicial sale and before confirmation, is relevant only to the extent that it bears upon the fairness of the judicial sale and the adequacy of the high bid obtained there."

It should be noted at this point that Roy Hull and his brother, Herbert Hull, were both parties to the partition action and part owners of the property being sold. Roy Hull was also guardian of his mother, as well as the upset bidder on behalf of his brother, Herbert, and Roy Hull was present at the original judicial sale. It has been generally understood by the profession and enforced by the courts that for obvious reasons one who has been a bidder at the sale by himself or by an agent will not, as a general rule, be permitted to put in an upset bid. 30A Am. Jur., Judicial Sales, § 112, p. 967. While Roy Hull was not a bidder at the sale, he was present, and there can be no doubt that he and all parties to the action had more than ample notice of the sale and an opportunity to bid. There is no evidence of any kind to account for their failure to bid.

The circumstances here furnish an apt demonstration of the challenge to the stability of judicial sales condemned in County of Lancaster v. Schwarz, *supra*. It is also apparent, under the particular facts of this case, that the original sale was well advertised, fairly conducted, well attended, and that the price bid was an adequate and reasonable price and not an inadequate one. Even in those states which follow the doctrine that any higher bid is sufficient reason to refuse confirmation, it is on the basis that the higher bid is conclusive evidence that the property was sold for an inadequate price. Here the evidence is specifically to the contrary. The upset bid or bids from members of the family group

holding ownership interests in the property ought not to carry the same inferences as to reasonable or adequate value as the bid of a stranger. Where the upset bidder in such a group had full notice of the original judicial sale, and either attended it, or had full opportunity to do so, elements of estoppel may also be involved. All of the other evidence here establishes that the sale was regularly held and fairly conducted, and that the property was sold for a reasonable and adequate price. An upset bid such as this one should not outweigh all the other evidence, much less be treated as conclusive evidence to the contrary.

It is difficult to reconcile our many prior holdings on the issue except on the basis of equitable principles applied to specific factual circumstances. We believe, however, that under the evidence here, the property was sold at the original judicial sale for a reasonable and adequate price, and that a just regard for the rights of all concerned and the stability of judicial sales require its acceptance.

We conclude that the trial court abused its discretion in refusing confirmation, sustaining the objections filed, and in reopening the bidding and confirming the sale to the upset bidder. We, therefore, vacate that portion of the order of March 8, 1968, confirming the sale of the north three-quarters of the northeast quarter of Section 9, Township 20 North, Range 10 East of the 6th P. M., Burt County, Nebraska, to Herbert C. Hull, and remand the cause to the district court with directions to overrule the objections filed to the referee's sale; to approve the referee's report, and confirm the sale made by him to L. W. Weber and J. W. Weber, as shown by the referee's report; and for such other and further orders as may become necessary to fully complete the referee's sale and the distribution of the proceeds resulting therefrom. Costs of this appeal are taxed to the objectors.

REVERSED AND REMANDED WITH DIRECTIONS.