FLORENCE RUPE, APPELLEE, v. MARY OLDENBURG ET AL., APPELLEES, DON NIELSEN, BIDDER-APPELLANT.

166 N. W. 2d 417

Filed March 28, 1969. No. 37016.

Berreckman & Nelsen, for appellant.

Smith Brothers and Robert E. Roeder, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is an appeal from a judgment of the district court for Frontier County confirming an upset bid following a judicial sale in a partition suit.

On March 11, 1968, pursuant to an order of the district court, the land described in the petition for partition was sold to Paul A. Gruber, Donald H. Nielsen, and Donald J. Gruber for the sum of $150,500, the bid being placed by Nielsen. The sum of $30,100 was paid in cash to the referees pursuant to the court's order of sale, the balance to be paid on confirmation of the sale. On March 21, 1968, Wallace L. Rupe, Carl Haegele, Carl F. Braun, Dennis A. Berke, La Raye Schurr, and Kent A. Brockmeier tendered an increased bid in the amount of $160,500 to the referees and paid the sum of $32,100, being 20 percent of the increased bid as required by the order of sale. On March 25, 1968, the court confirmed the original sale in the amount of $150,500. A motion for a new trial was filed and on April 3, 1968, the six upset bidders filed a bid of $165,600 with the clerk of the district court accompanied by the payment of $33,120, the same being 20 percent of such upset bid. On April 5, 1968, the trial

court sustained the motion for a new trial, set aside the confirmation, and reopened the bidding. On April 8, 1968, the original bidders informed the trial court in writing through their legal counsel that they would not increase their original bid. On the same day, the court confirmed the sale of the real estate in the six upset bidders in the amount of $165,600, and ordered a distribution of the proceeds. A motion for a new trial was filed on April 11, 1968, and on April 18, 1968, it was overruled. Nielsen, the high bidder at the judicial sale held on March 11, 1968, has appealed.

The high bid at the judicial sale was $150,500. The upset bid which was confirmed was $165,600. The amount of the increase over the amount bid at the judicial sale is $15,100, an increase of more than 10 percent. This presents the issue as to whether or not it is a case where the court should secure the highest price possible for the property or, on the other hand, maintain the stability of judicial sales by making the highest accepted bid at such sale a final one.

It is the position of the high bidder at the March 11, 1968, sale that his bid should have been confirmed. The evidence shows that such sale was regularly held and fairly conducted. There is some evidence in the record that the bid of $150,500 constituted a fair and reasonable price for the land at the time it was made although there is evidence to the contrary. In County of Lancaster v. Schwarz, 152 Neb. 15, 39 N. W. 2d 921, this court said: "The upset bid to be effective must be substantial and material, and not merely nominal; otherwise it would not tend to establish fraud or unfairness at the judicial sale or the inadequacy of the highest bid procured at such sale. Whether such a bid is sufficient to warrant a resale or a reopening of the bidding is largely a discretionary matter with the trial court. It follows that the discretion of the court to reject the high bid at the judicial sale gains latitude as the upset bids become larger. * * * In determining whether an upset bid is sufficient to

sustain a finding that the price obtained at judicial sale was inadequate, the court must exercise the discretion vested in it in accordance with established legal principles."

The rights of the highest bidder at the judicial sale whose bid has been accepted ought not to be lightly disregarded. It is true, of course, that such bid is subject to confirmation by the court. If upset bids were permitted and accepted under all circumstances, the holding of a judicial sale would be nothing more than preliminary bidding and not a method of purchasing the land. Such a practice would chill the bidding at the judicial sale by encouraging the filing of upset bids and render the judicial sale a mere formality and the elimination of the primary purpose of judicial sales. This is most harmful to the stability and true purpose of judicial sales which trial courts should not lightly disregard.

On the other hand, a partition suit often involves the sale of interests of minors in the real estate, as was the case here, which the court is duty bound to protect by securing the highest possible price for the property. Ofttimes the sale of the real estate is against the wishes of some holding property interests. In performing this duty to owners of the real estate, the maintenance of the stability and true purpose of the judicial sale as such comes in conflict with the obtaining of the highest possible price for the real estate being sold. The balancing of these two conflicting theories creates the problem which the present case presents.

In Siekert v. Soester, 144 Neb. 321, 13 N. W. 2d 139, 152 A. L. R. 527, this court said in dealing with a similar problem: "Each of these two theories has its weak points. Therefore, we find in the cases supporting them a certain amount of judicial discretion necessarily vested in the court to shield and promote justice under all circumstances. * * * By analogy, from our own cases, in partition proceedings it is the duty of referees and trial

courts to endeavor to secure the highest possible price for property sold for the benefit of those persons lawfully entitled to the proceeds of the sale. Therefore, substantially increased offers to a referee for property sold by him, made before confirmation of the sale to the highest bidder, are sufficient evidence to support a finding of the trial court in the exercise of its judicial discretion that confirmation should be denied and a new sale ordered."

The discretion of the court to be exercised in such a case is broad in scope but is not an arbitrary one. It must be one that is sound and equitable under the circumstances. The court must act in the interest of fairness and prudence, and with a just regard to the rights of all concerned and the stability of judicial sales. Michelson v. Wagner, 170 Neb. 28, 101 N. W. 2d 498; Hull v. Hull, 183 Neb. 773, 164 N. W. 2d 455.

In the instant case, the highest accepted bid at the public judicial sale was $150,500. The upset bid was in excess of this amount by $15,100. It is clearly within the scope of the discretion lodged in the district court to set aside the confirmation of the sale and reopen the bidding under the circumstances. There is some evidence in the record that the upset bidders and others as well did not want to bid on the land at the public sale as long as the tenant, Hueftle, the second high bidder, was bidding. As one potential bidder aptly stated, the land was worth more "beings the neighbor didn't get it." Favoritism for such reasons can result in a chilling of the bidding which the trial court can properly consider. In any event, the trial court determined that the upset bid was substantial after a consideration of all the circumstances. This finding under the evidence is within the trial court's discretion and with which this court cannot properly interfere where an abuse of discretion is not shown.

It is contended that the trial court erred in setting aside the confirmation of sale to the successful bidders

at the judicial sale held on March 11, 1968. This precise point was determined by this court in First Nat. Bank v. First Trust Co., 145 Neb. 147, 15 N. W. 2d 386, where in the syllabus it is stated: "In the absence of abuse of judicial discretion the district court on motion has the power within the term to set aside an order confirming a judicial sale of real estate."

It is further contended that the trial court erred in confirming the sale to the upset bidders. It is not disputed that the upset bid exceeded the bid obtained at the sale of March 11, 1968, by $15,100. All persons interested were informed of the upset bid, particularly the high bidder who represented himself and two others at the March 11, 1968, sale. The latter informed the court through his legal counsel that he would not bid more than his bid of $150,500. There is no evidence in the record that the land on resale would probably sell for more than the upset bid of $165,600. Under such circumstances, the trial court did not err in confirming the sale to the upset bidders. See, Siekert v. Soester, *supra;* State ex rel. Spillman v. American State Bank, 122 Neb. 42, 239 N. W. 214; Knouse v. Knouse, 157 Neb. 748, 61 N. W. 2d 388.

We have examined other assignments of error and find them to be without merit.

AFFIRMED.

BOSLAUGH and McCOWN, JJ., concurring.

We agree that it was within the discretion of the district court to set aside the confirmation and reopen the bidding under the particular facts and circumstances in this case. We are of the opinion that it would have been preferable to have ordered a resale after public notice with the upset bid as the opening bid. The owners could have been protected against possible loss by requiring the upset bidders to remain bound until the resale had been completed. 50 C. J. S., Judicial Sales, § 61 d, p. 684; 30A Am. Jur., Judicial Sales, § 138, p. 981.

There is an element of fairness in the immediate sale

as well as the effect on future sales that must be considered. We believe that the theory of a public sale is sound and that ordinarily, upon the reopening of bids, the sale should be open to all bidders.