ALFRED C. GLASER ET AL., APPELLEES, V. C. E. WEINBERGER ET AL., APPELLEES, JAMES A. HENDRICKSON, HIGH BIDDER, APPELLANT.

196 N. W. 2d 113

Filed March 24, 1972.   No. 38186.

Thomas E. Brogan and James J. McNally, for appellant.

Harold E. Connors and Robert E. Paulick, for appellees Glaser.

Raymond P. Medlin and William Keeshan, for appellees Weinberger.

Heard before WHITE, C. J., SPENCER, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is a partition action. The action was instituted by Alfred C. Glaser and wife. Plaintiffs owned adjoining land on which they had sunk an irrigation well. The 40-acre tract involved was part of a dry-land tract which had very recently sold at public auction for $134 per acre. Alfred C. Glaser, who with his wife owned an undivided one-half interest in the 40-acre tract, attended the partition sale and bid on the land which sold for $15,020, or $375.50 per acre, to appellant James A. Hendrickson. Hendrickson, whose father owns an adjoining 1,260 acres, obviously believes the irrigation well is on this tract notwithstanding a recent survey to the contrary.

Prior to confirmation, Glaser tendered an upset bid of $16,600. The court, bearing in mind the dispute as to the well location, found that the land sold for its fair and reasonable value as dry land but not as irrigated land and set aside the sale. We reverse the de-

cision of the district court and confirm the sale.

As we view the situation, plaintiffs, when they sunk the well in a location selected by them, necessarily assumed the risk that it might be on land of which they were not the sole owners. If the well is on the 40 acres in question, it has enhanced the value of that tract and resulted in a sale exceeding its dry-land value. This would, in some measure, recompense plaintiffs for the loss of the well. On the other hand, Hendrickson, who bid in excess of the dry-land value of the tract with the idea that he was also buying the well site, has taken a deliberate gamble. If the well becomes his, he has received a bargain, if it does not, he has paid a sum considerably in excess of the value of the land. Ownership of the well cannot be here resolved.

Under all the circumstances we find the partition sale to Hendrickson should be confirmed. Plaintiffs brought about the sale and one of them attended the sale and actively participated as a bidder. After suffering the land to be sold to another, Glaser now tenders an upset bid. To permit one who was not only the instigator of the sale and had ample warning that it was pending, but who also appeared and bid at the sale, to subsequently upset it would do much to destroy the stability and finality of judicial sales and to discourage bidding thereat. Had the land sold for considerably less than its reasonable value, a different picture would be presented. Such was not the case here. As a dry-land tract, it sold in excess of its value simply because one bidder was willing to gamble that he would acquire the irrigation well and could thereby irrigate the land. In view of the uncertainty attending the location of the well, it cannot be said that the land brought less than its reasonable value. The case presents an unusual situation wherein plaintiffs have had second thoughts regarding the amount they should bid.

This court held as follows in Rupe v. Oldenburg, 184 Neb. 229, 166 N. W. 2d 417: "Where there has been

an upset bid before a final confirmation of a partition sale, the matter of confirmation of the sale is left to the judicial discretion of the trial court with due regard to the stability of judicial sales. Such discretion is a judicial one which may not be arbitrarily exercised. This court will not intervene except in the case of an abuse of such discretion by the trial court."

The court also held: "An upset bid following a judicial sale and before a final confirmation should be considered only when it affords convincing proof that the property was sold at an inadequate price and that a just regard for the rights of all concerned and the stability of judicial sales permits its acceptance."

In determining whether to accept or reject an upset bid, the court must elect between two conflicting duties. Ordinarily it must strive to obtain the best price possible for the property sold, especially where the interests of minors are involved. On the other hand, when the sale is free of fraud and an adequate price has been realized, consideration must be given to the rights of the purchaser and the stability of judicial sales. This was well phrased when the court stated in Rupe v. Oldenburg, *supra:* "The rights of the highest bidder at the judicial sale whose bid has been accepted ought not to be lightly disregarded. It is true, of course, that such bid is subject to confirmation by the court. If upset bids were permitted and accepted under all circumstances, the holding of a judicial sale would be nothing more than preliminary bidding and not a method of purchasing the land. Such a practice would chill the bidding at the judicial sale by encouraging the filing of upset bids and render the judicial sale a mere formality and the elimination of the primary purpose of judicial sales. This is most harmful to the stability and true purpose of judicial sales which trial courts should not lightly disregard."

The exercise of the discretion vested in the trial court presents a close and difficult question. It must be re-

solved on the basis of the facts presented in each individual case. Under the facts presented, which duty outweighs the other? In this instance, an adequate price has been realized; all parties were competent, were present at the sale, and had every opportunity to protect their individual interests. We believe that the rights of the purchaser and the necessity of protecting the stability of judicial sales in this instance outweigh other considerations.

The judgment of the district court is reversed and the cause remanded with directions to confirm the original sale by the referee.

REVERSED AND REMANDED.

BOSLAUGH, J., participating on briefs.